BOTTS, Respondent, v. WABASH RAILROAD COM-
PANY, Appellant.

St. Louis Court of Appeals, April 26, 1904.

**COMMON CARRIERS: Limiting Liability.** A common carrier can
not contract against liability for damages caused by its own
negligence, and a stipulation in a bill of lading limiting liability
for damages to live stock, caused by unusual delay in shipping,
to the extra expense of feeding and watering, will not be en-
forced when delay is caused by the carrier's negligence.

Appeal from Audrain Circuit Court.—*Hon. E. M.
Hughes,* Judge.

AFFIRMED AND REMANDED.

*George S. Grover* and *George Robertson* for appel-
lant.

(1) The seventh clause of the contract of shipment
is valid, and liquidates the damages in this action, in any
event. Harvey v. Railroad, 74 Mo. 546; McFadden v.
Railroad, 92 Mo. 343; McFadden v. Railroad, 136 Mo.
177; Hart v. Railroad, 112 U. S. 331; Wyrick v. Rail-
road, 74 Mo. App. 406; Vaughn v. Railroad, 78 Mo. App.
639; Live Stock Com. Co. v. Railroad, 87 Mo. App. 330.
(2) To permit the shipper in this case to recover more
than the values fixed by himself in return for a reduced
rate and free transportation, would be a fraud upon
the defendant expressly forbidden by law. Wyrick v.
Railway, 74 Mo. App. 406; Kellerman v. Railway, 136
Mo. 191; R. S. (U. S.) 1901, vol. 3, p. 3161. (3) The
ruling of Judge Johnson, sustaining the motion for new
trial in this case, was unlawful and void for want of
jurisdiction over either the parties, or the subject-matter
of the action. State ex rel. v. Woodson, 86 Mo. App. 253;

State ex rel. v. Wofford, 119 Mo. 375; Fears v. Riley, 148 Mo. 49; R. S. 1899, sec. 819.

*W. W. Botts* and *A. C. Whitson* for respondent.

Negligence having been proven, the carrier can not be relieved from liability therefor by contract. Ball v. Railroad, 83 Mo. 574; Railroad v. Ellison, 70 Tex. 491; Michaels v. Railroad, 30 N. Y. 564; Vaughn v. Railroad, 78 Mo. App. 639; Harvey v. Railroad, 74 Mo. 538.

### STATEMENT.

Action for damages on account of delay in the transportation of fifty head of cattle from Mexico, Missouri, to Chicago, Illinois, over the defendant's railroad. The cattle were loaded in three stock cars at Mexico at eight o'clock in the morning of January 6, 1903, and were hauled to Luther, a station at the edge of the city of St. Louis, where the defendant's railway crosses the Mississippi river over the Merchants bridge to East St. Louis, and from that point were transported over the defendant's line to the city of Chicago. There were delays at several points along the line; so the cattle did not get into Chicago until the afternoon of January 8th, too late for that day's market, and had to be sold the morning of the ninth. Transposing those dates into days of the week, we find the cattle were shipped from Mexico on Tuesday morning at eight o'clock, arrived in Chicago on Thursday afternoon about one-thirty or two o'clock, and were sold Friday morning. There is testimony that they should have arrived in time for the Wednesday market, the usual time from Mexico to Chicago being about twenty-eight hours. Instead, the delay in arriving was some thirty hours, and the delay in getting them on the market was two days. The evidence is that nearly all cattle are sold in Chicago during the forenoon. Testimony was adduced that these cattle suf-

fered in weight and appearance on account of the long time they were en route; that they shrunk from twenty-five to fifty pounds a head in weight and looked gaunt and haggard. It appears, too, the price of cattle was lower on Friday than on Wednesday, so that the plaintiff's brought less money than they would have brought had they arrived in time for Wednesday's market. The petition avers the delays were due to the negligence of the defendant in that it held the cars containing the cattle on side tracks along the route, and so overloaded the train they were in as to cause it to fall behind the schedule time. There was evidence to support these charges. To the contrary, the testimony of the defendant is that while there were delays, they were unavoidable and due largely to the severe weather that prevailed. The plaintiff testified the defendant's station agent at Mexico told him the train by which he shipped would reach Brooklyn, across the Mississippi, in time to make close connection with the train from East St. Louis to Chicago; but this turned out to be a mistake. The station agent testified he told the plaintiff the ordinary time was about twenty-eight hours to Chicago, but the company did not guarantee that trains would run on schedule time and there might be some delay.

The instructions given at the instance of the plaintiff followed the allegations of the petition and permitted a recovery on a finding by the jury that due diligence was not used by the railroad company in transporting the cattle: that is to say, made the plaintiff's recovery depend on a showing of negligence in carrying the cattle. As to damages, the court instructed that if the finding was for the plaintiff, the jury should allow him only $11.10, the extra amount he paid for feeding, watering and caring for the cattle because of the delay.

Plaintiff filed a motion for new trial, alleging the reception of improper evidence, the exclusion of proper evidence, and errors in the instructions. While that motion was pending, Judge E. M. Hughes, the regular

judge of the Audrain circuit court, died, and Hon. R. D. Rodgers was appointed to fill the vacancy. As Judge Rodgers had been attorney in two other cases against the defendant, involving the same questions that were involved in this one, he was disqualified to sit and the parties stipulated to submit the motions for new trial in those cases to Judge John A. Hockaday, circuit judge of the adjoining circuit, and accordingly the motion for new trial in this case was submitted to Judge Hockaday. But before he decided it Judge Rodgers resigned the office of judge of the Eleventh judicial circuit and Hon. Houston Johnston was appointed in his place. As the latter officer had never been of counsel in any of those cases, Judge Hockaday thereafter declined to pass on the motion for new trial, for the reason that it was competent for Judge Johnson as the judge of the Audrain circuit court, to do so. Thereupon the plaintiff filed a motion to vacate the stipulation for the submission of the motion for new trial to Judge John A. Hockaday. Said motion was opposed by the defendant on the ground that the motion for new trial was pending before Hon. John A. Hockaday, judge of the Ninth judicial circuit and was not pending before the judge of the Audrain court and of the Eleventh judicial circuit. The Audrain circuit court sustained plaintiff's motion to vacate the submission aforesaid, took up plaintiff's motion for new trial in the present case, and sustained it because of an erroneous instruction; but without designating which instruction was deemed erroneous. From the order granting a new trial the defendant appealed to this court.

GOODE, J. (after stating the facts).—The instruction given against the objection of the plaintiff that if the jury found the issues for the plaintiff they would allow him only $11.10, the amount he had paid for feeding and watering his stock, on account of the delay in transit, was based on the following paragraph of the bill of lading:

"The party of the second part, in consideration of the rate named in this contract, further agrees to water and feed said stock at his or their own risk and expense, while the same is in the cars of said first party or connecting lines; and, in the event of any unusual delay or detention of said live stock while on said trip, from any cause whatever, the party of the second part agrees to accept, as full compensation for all loss or damage sustained in consequence of such delay, the amount actually expended by him or them in the purchase of food and water for the stock aforesaid."

As this is a negligence case purely, and the instructions made a verdict for the plaintiff dependent on a finding by the jury that the delay in the transportation of the stock was due to the defendant's negligence, it was manifest error to limit the amount of the damages plaintiff might recover to the expense of feeding and watering the stock entailed by the delay. The railroad company could not contract against liability for damages caused by its own negligence. Ball v. Railroad, 83 Mo. 574.

Propositions are discussed in the briefs which we deem it unnecessary to notice for the reason that they relate to the right of the railroad company to limit its common law liability as a common carrier. The petition did not seek to hold the defendant for damages on its common law liability, but for positive acts of negligence. Its counsel contend there is no proof to show the delays were caused by the negligence of the defendant's employees. This position is untenable. There was, as stated above, testimony that the usual time from Mexico to Chicago was twenty-eight hours, or less, and that from various delays due to negligent and inefficient management, this shipment did not reach Chicago until more than twice that time had elapsed. This testimony presented a question of fact for the jury's decision.

As to the complaint of the act of Judge Johnson setting aside the submission of the motion for new trial to Judge Hockaday and ruling on it himself, we refer to the case of Hendrix v. Wabash Railroad Co., — Mo. App. —, wherein the same question is treated and decided.

The order for new trial is affirmed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.