## J. FULBRIGHT et al., Respondents, v. THE WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, May 7, 1906.

1. **COMMON CARRIERS: Contract of Shipment: Pleading: Issues; Trial: Appellate Practice.** Plaintiff sued on a special contract of shipment. The answer alleges a contract in writing and sets up certain provisions thereof, that the cattle were not to be delivered at any particular hour or in time for any particular market. There was no reply. The court tried the cause, gave the declarations of law and found for the plaintiffs. On examining the record it is held that the trial was upon the contract set up in defendant's answer without any suggestions of a departure, and the appellate court must examine the record on the theory on which the case was tried.

2. ———: ———: **Negligence: Delay in Shipment: Jury Question.** A common carrier cannot contract against its own negligence and whether a certain delay was justified is a question for the jury under the circumstances of the case.

3. ———: ———: ———: ———: **Consideration.** Reduced rate is sufficient consideration for limiting the defendant's liability to the necessary expenses caused by the mere delay in the delivery of the cattle but where the delay is negligent the contract will not protect the carrier.

4. ———: ———: **Practice: Declaration of Law: Evidence.** The usual office of a declaration of law by a court sitting as a jury is for the purpose of indicating the theory upon which it decides the cause; and the fact that there is no evidence to support the declaration is no reason for disturbing the finding on that ground.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*George S. Grover* for appellant.

(1)    The contract of shipment in this case is valid and precludes a recovery in this action. (2)    As to

burden of proof. Whitting v. Railroad, 101 Mo. 640.
(3) As to validity of contract. Wyrick v. Railroad, 74
Mo. App. 416 to 419. (4) The court gave erroneous
instructions at the plaintiff's request, and of its own
motion. See authorities cited under point 1, supra; Ely
v. Railroad, 77 Mo. 34; Perry v. Railroad, 89 Mo. App'.
49. (5) The. court refused proper instructions asked
by defendant. Authorities cited, supra.

*J. A. Collet* for respondents.

(1) The contract of shipment in this case could
not relieve defendant from liability for loss occasioned
by its negligence. McFadden v. Railroad, 92 Mo. 343;
Minter v. Railroad, 82 Mo. App. 130; Anderson v. Rail-
road, 93 Mo. App. 677; Botts v. Railroad, 106 Mo. App.
397; Ball v. Railroad, 83 Mo. 574; Ward v. Ry.
158 Mo. 226. (2) The delay proven, unexplained by de-
fendant, was sufficient proof of defendant's negligence to
authorize a recovery in this case. Sloop v. Railroad, 93
Mo. App. 605; Anderson v. Ry., 93 Mo. App.
677; Botts v. Railroad, 106 Mo. App. 397; Ball
v. Railroad, 83 Mo. 574. (3) The instructions
given by the court properly declared the law of the case
and are not open to the objections lodged against them
by defendant. Ball v. Railroad, 83 Mo. 574; Anderson
v. Railroad, 93 Mo. App. 677; Sloop v. Railroad, 93 Mo.
App. 605; Live Stock Co. v. Railroad, 100 Mo. App. 674;
Summers v. Railroad, 79 S. W. 481; Botts v. Railroad,
106 Mo. App. 397; McFadden v. Railroad, 92 Mo. 343;
Minter v. Railroad, 82 Mo. App. 130; Ward v. Railroad,
158 Mo. 226. (4) No complaint having been lodged
against the petition on account of misjoinder, or for
other reasons, the petition being sufficient to state a
cause of action, it is too late to raise objections for the
first time in this court. Senn v. Railroad, 135 Mo. 519;
Gebhart v. Railroad, 97 Mo. App. 382; Murphy v. Rail-
road, 96 Mo. App. 278; Hall v. Goodnight, 138 Mo. 589;

Hill v. Drug Co., 140 Mo. 438; Chinn v. Naylor, 182 Mo. 583. (5) The finding of the court was for the right party, under the evidence, and is not excessive. Live Stock Co. v. Railroad, 100 Mo. App. 674; Ball v. Railroad, 83 Mo. 574; Botts v. Railroad, 106 Mo. App. 397; Minter v. Railroad, 82 Mo. 130; Summers v. Railroad, 79 S. W. 481; Ward v. Railroad, 158 Mo. 226.

BROADDUS, P. J.—This is a suit against defendant as a common carrier for damages occasioned by its delay in the transportation of cattle. The cattle were loaded at Sumner, at about five o'clock p. m., August 7th, to be shipped to Kansas City, Missouri. According to the usual schedule time, they should have arrived at their destination not later than eight o'clock on the morning of August 8th, in time for the market of that day. They did not arrive, however, until about eleven o'clock and practically too late for the market of that day. They were sold on the market of the next day. There was a difference in the market price of cattle on the two respective days, it being higher on the first than on the last day mentioned; and the suit is for this difference as plaintiffs' damages, for shrinkage and expense of feed.

The provision in the contract that defendant was not bound to deliver the cattle at their destination at any particular hour or in season for any particular market was a reasonable and valid stipulation, and it is so conceded on all sides. And the contract further provides that in the event "of any unusual delay or detention of said live stock while on said trip for any cause whatever," the plaintiffs agreed "to accept, in full compensation for all loss or damage sustained in consequence of such delay, the amount actually expended by him on them in the purchase of food and water for the stock aforesaid."

The plaintiffs sued upon a special contract to the effect that, for a certain consideration, "the defendant

promised and agreed with plaintiffs that said cattle would be shipped by defendant and delivered at the Kansas City Stock Yards, at Kansas City, Missouri not later than eight o'clock a. m., August 8, 1904, in time for the early morning market of that day; . . . that defendant, wholly disregarding its duty as a common carrier as aforesaid, and in violation of its agreement made with plaintiffs as aforesaid, delayed said cattle in transportation, and failed and refused to deliver them at the Kansas City Stock Yards at Kansas City, Missouri, within a reasonable time, and failed and refused to deliver said cattle at their destination as early as 8:30 o'clock a. m., August 8, 1904, as defendant had agreed to do. . . . ."

The defendant in its answer alleges that the contract for shipment was in writing, which is set out in its answer in full. Among its provisions is one substantially to the effect that the cattle were not to be delivered at their destination at any particular hour, or in season for any particular market. The plaintiffs failed to file any reply. Under this state of the pleadings, the plaintiffs without objection introduced their evidence, at the close of which, without the intervention of a demurrer, defendant introduced its evidence. At the close of all the testimony, the court, sitting as a jury, made certain declarations of law and rendered judgment for plaintiffs, from which defendant appealed.

The case was tried not upon the contract set up in the plaintiff's petition, but upon that set up in defendant's answer, upon the theory that it was binding upon the parties. No suggestion appears in the record that defendant made any opposition during the trial of a departure from the cause of action alleged in the petition, but, as we have seen, the case was tried by seeming consent of both parties and the court upon the basis of the said written contract set out by defendant. We will therefore consider the case on the theory on which it was so tried.

As the plaintiffs admit that the contract was bind-ing, therefore the defendant insists that there is nothing for this court to do but to reverse the cause, as said contract releases defendant from the liability sued for. But plaintiffs say that, notwithstanding it is binding, it does not, under the law, excuse defendant from liability for its own negligence. The plaintiffs' admission is qualified and not unconditional.

The defendant assumed the burden of accounting for the unusual delay in the transportation and delivery of the cattle by showing that its freight train from St. Louis failed to arrive at Moberly on schedule time, at which latter point a freight train was made up for the west from the St. Louis train and a train from Hannibal. It was the train so made up at Moberly that carried plaintiffs' cattle to their destination, which, if the St. Louis train had been on time, would have delivered the cattle in Kansas City on time for next morning's market. It was, therefore, a question for the jury to say whether under the circumstances the delay was justified. The defendant's agents must have known that its St. Louis train was late and that plaintiffs' cattle were awaiting transporation at Brunswick and would not arrive in the usual time at Kansas City. There was no effort made to show why the St. Louis train was delayed. It is well-established law of this State, that a common carrier cannot contract against its liability for negligence and it is so conceded by the defendant. But the burden of proof in such cases rests with the plaintiff. [Witting v. Railway, 101 Mo. 632.] This case was tried upon that theory.

The stipulation in the contract limiting defendant's liability to expense for food and water was supported by a good consideration for mere delay in the delivery of the cattle, viz.: a reduced rate, but as we have shown, it did not excuse defendant from liability if the delay was the result of defendant's negligence. The precise question was decided by the St. Louis Court of Appeals

in Botts v. Railway, 106 Mo. App. 397, wherein it is held "A common carrier cannot contract against liability for damages caused by its own negligence and a stipulation in a bill of lading limiting liability for damages to live stock, caused by unusual delay in shipping, to the extra expense of feeding and watering will not be enforced, when the delay is caused by the carrier's own negligence."

The defendant objects to an instruction or declaration of the law given for plaintiffs for the reason that it includes in the matters that constituted plaintiffs' damages a claim for expense of food necessitated by reason of the delay, when in fact there was no evidence whatever that any expense was incurred on that account. The usual office of a declaration of law by a court sitting as a jury is for the purpose of indicating the theory upon which it decides the cause. If there was no evidence whatever that any such expense was incurred, it would be indulging an unwarrantable presumption that the judge, learned in law and familar with the rules governing the application of the law to the evidence, would apply the law in a given instance where there was no evidence. The theory of plaintiffs' case was that he was entitled to damage for shrinkage in value of the cattle themselves and for feed caused by the delay, and the court declared that the theory was correct, but we cannot conceive that the court would give damages for expense of food without some proof. And as the amount of the finding is amply supported by the evidence as to plaintiffs' damage otherwise, we do not feel authorized to reverse the cause for that reason.

The objection to the action of the court in giving and refusing declarations of law are fully answered by the opinion and need no particular notice. Affirmed. All concur.