State v. Randolph.

---

## STATE OF MISSOURI, Respondent, v. BUCK RANDOLPH, Appellant.

### Springfield Court of Appeals, December 6, 1909.

1. CRIMINAL LAW: Plea in Abatement: Indictment: Some Evidence Must Be Heard By Grand Jury. The rule is that an indictment returned without the hearing of any testimony by the grand jury may be quashed on a plea in abatement, but the grand jury are not required to hear testimony on every point which the State would be required to prove on the trial and the grand jury are themselves the judge as to how much evidence is necessary and whether the testimony which they hear is competent.

2. ——: ——: ——: ——: Violating Local Option Law. On a plea in abatement which charges that an indictment for violating the Local Option Law was returned without the grand jury hearing any evidence as to whether or not the Local Option Law had been adopted, and the proof shows that no evidence was offered on this point, yet failed to show that no evidence at all was offered before the grand jury on the whole case, the plea in abatement was properly overruled.

3.  ———: Violating Local Option Law: Sufficiency of Evidence
Fixing Time of Offense. On a trial for violating the Local
Option Law, where the witness testified that the sale was
made in the spring or summer of 1907, and the indictment was
returned at the August, 1907, term, it so appearing that the
offense was committed within a year prior to the time of the
finding of the indictment, the evidence is sufficient to sustain
the verdict.

4.  ———: Practice: Plea in Abatement: Record Failing to Show
Organization of Grand Jury. Where it is contended that the
record does not show that the grand jury was organized, em-
panelled or sworn that question must be raised by plea in
abatement and cannot be raised after trial.

5.  .———: ———: Presence of Defendant on Rendition of Judg
ment. Section 2656, Revised Statutes 1899, which provides
that when an offense is punishable by imprisonment that de-
fendant must be personally present for the purpose of judg-
ment is mandatory and the record must show this fact, but
where the record discloses no other error in the trial of the
case except this omission the case may be remanded with di-
rections to render judgment and have defendant present at the
time.

Appeal from McDonald Circuit Court.—*Hon. F. C.
Johnston,* Judge.

REMANDED (*with directions*).

*James A. Sturges* for appellant.

(1) Without any evidence, the grand jury found
the material fact that the Local Option Law was in force
in the county. Where there is no evidence the indict-
ment should be abated. State v. Grady, 84 Mo. 224;
State v. Faulkner, 185 Mo. 695. (2) Imprisonment
being assessed by the court, the record must affirm-
atively show the presence of the defendant. State v.
McClain, 156 Mo. 99; R. S. 1899, sec. 2656.

*Arthur P. Dunn* for respondent.

(1) It was not necessary to have every fact be-
fore the grand jury in order to enable them to .find an

indictment against defendant. The grand jurors are the judges of the amount of evidence necessary to find an indictment. State v. Grady, 84 Mo. 223; State v. Faulkner, 185 Mo. 697. (2) The evidence is sufficient. The insufficiency of evidence will not be reviewed in this court unless there is found to be no evidence in the case or the evidence is so weak as to create a necessary inference that the verdict was a result of passion, prejudice or partiality. State v. Jackson, 106 Mo. 181; State v. Orrick, 106 Mo. 111; State v. Lowe, 93 Mo. 547; State v. Howell, 100 Mo. 628. (3) The judgment in this case should not be reversed on the ground that the record does not show that defendant was personally present at the time of rendition of judgment and passing sentence. State v. Watson, 95 Mo. 411; State v. Howard, 33 Wash. 250; State v. Scheirhoff, 130 Mo. 50. (4) The objection that the record does not show that the grand jury was empaneled, charged and sworn, comes too late after verdict and cannot be considered by this court. State v. Smallwood, 68 Mo. 195; State v. Griffin, 87 Mo. 608.

COX, J.—Indictment returned by grand jury, McDonald County, August term, 1907, charging the defendant with selling liquor in violation of the Local Option Law. Plea in abatement filed by defendant, evidence heard thereon and plea overruled. Plea of not guilty entered, jury waived, trial by court, defendant convicted, and punishment fixed at a fine of five hundred dollars and imprisonment in the county jail for a term of six months. Motion for a new trial and in arrest of judgment filed and overruled. Judgment entered against defendant from which he has appealed.

The objections are: First, the court erred in overruling defendant's plea in abatement. His plea is not copied in appellant's abstract of record or in the transcript of the record, but we infer from the testimony offered in support of it that it charges that the indict-

ment was returned without the hearing of any evidence as to whether or not the Local Option Law had been adopted in McDonald county. On this hearing it was conceded that neither the county clerk nor any of the records of his office were produced before the grand jury during their investigation. The prosecuting attorney testified that he advised the grand jury that the Local Option Law had been adopted and was in force in that county, and that there was no sworn testimony offered in relation to that fact. The rule is that an indictment returned without the hearing of any testimony, may be quashed on plea in abatement. It does not follow, however, that the grand jury, are required to hear testimony upon every point which the State would be required to prove upon the trial in order to make out a case. While an indictment cannot be returned without the hearing of some testimony, the grand jury are themselves the judge of how much testimony is required, and also as to whether the testimony which they hear is competent.

The evidence offered on this plea in abatement only shows that no evidence was offered as to one question—that of the adoption of the Local Option Law in that county. The indictment having been returned in the regular way, the only way it could be abated would be by proof that there was no evidence offered before them at all. This the defendant failed to do and this point must be ruled against him. [State v. Faulkner, 185 Mo. 673, l. c. 696-7.]

It is contended by appellant that the evidence in this case is insufficient to sustain the verdict, for the reason that it does not show the time of the alleged sale. While the prosecuting attorney had some difficulty in getting witness to locate the time, as is often the case in the trial of cases of this character, the witness did finally say that the purchase was made in the spring or summer of 1907. The indictment having been returned at the August term, 1907, it is apparent that the

sale was made within a year prior to the time of the finding of the indictment and that point must be ruled against the appellant.

It is next contended that the record does not show that the grand jury was organized, empaneled or sworn. From what we can gather from the record before us and the transcript filed in this court, that question was not raised in the plea in abatement and it cannot be raised after verdict. [State v. Pate, 67 Mo. 488; State v. Smallwood, 68 Mo. 192; State v. Clifton, 73 Mo. 430; State v. Mann, 83 Mo. 580; State v. Griffin, 87 Mo. 608.]

It is further contended that the record does not show that the defendant was present at the rendition of the judgment. This contention seems to be well taken for the entry of the judgment in the record contains no reference to the presence of the defendant. The record does show that defendant was present during the progress of the trial, and the overruling of his motion for a new trial and in arrest of judgment, which motions were passed upon by the court upon the same day that the judgment was rendered; but it will be observed that section 2610 of the Statutes of 1899, which provides that on an appeal in a criminal case when the record in the appellate court shows that the defendant was present at the commencement or any other stage of the trial, it shall be presumed, in the absence of all evidence in the record to the contrary, that he was present during the whole trial, only applies to the trial proper and does not apply to the rendition of the judgment. That matter is governed by section 2656, which provides that for the purpose of judgment, if the conviction be for an offense punishable by imprisonment, or imprisonment be assessed as punishment by the jury, the defendant must be personally present. It has been held by the Supreme Court in this State, in case of State v. McClain, 137 Mo. 307, l. c. 316-317, that the statute requiring defendant to be present at the rendition of judgment of

imprisonment is mandatory and that the record must show that fact.

Punishment assessed in this case having been, in part, imprisonment in the county jail, the record must show the defendant present when this judgment is rendered. It does not follow, however, that the defendant is to be discharged, or the county put to the expense of another trial. This record discloses no error in the trial of the case, and the cause will, therefore, be remanded with directions to the circuit court to enter judgment in accordance with the finding of the court, sitting as a jury, having the defendant present in court at the time the judgment is rendered. All concur.