**STATE of Missouri, Respondent,**

v.

**Ernest Zep ROBINSON, Appellant.**

**No. 40401.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 10, 1979.

Robert A. Hampe, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., David Fischer, Asst. Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from a conviction by a jury of burglary in the second degree. He was sentenced under the Second Offender Act by the court to serve a term of ten years in the Department of Corrections.

Alfred Bischoff, a resident of California had come to St. Louis to attend a reunion. He and his wife were staying at Stouffer's Riverfront Hotel. When he returned to his room for the evening, he closed the door. He woke up around four in the morning and saw a figure standing at the foot of his bed. He heard something jingle like a belt buckle. The person ran out the door. Bischoff followed and found defendant in the hands of a plain clothes police officer. Defendant had Bischoff's trousers in his hands. The pants contained his coin purse which held a ten dollar bill.

The officer testified that the door was closed when he passed the room at 2:15 a. m. Later when he passed the room he heard the door open and turned to see defendant inside the room looking at the door. The door then closed. The officer stepped

down the hallway a few feet. The defendant came out and was detained by the officer.

 The defendant first alleges that the court erred in failing to quash the indictment since the only evidence of the breaking presented to the grand jury was unsworn testimony.

There was no evidence presented on the motion but we glean from the record and the briefs that someone in the Prosecuting Attorney's office talked to victim (Bischoff) by phone and recorded the conversation. Respondent states in its brief:

> Appellant was indicted twice for the crime. The first indictment was based entirely on the grand jury's hearing the tape-recorded statement of the victim. However, that indictment was dismissed by the state and a second indictment was obtained with the grand jury hearing both the tape-recorded statement of the victim and the testimony of the police officer who caught the appellant outside the burglarized hotel room.

We are not aware of the full extent of the officer's testimony before the grand jury since the law in Missouri does not require that a court reporter be present during the grand jury proceedings. Therefore, since there is no record before the court that would lead us to a different conclusion, we find no violation of the Supreme Court requirements dealing with the sufficiency of the indictment.

The Missouri Supreme Court in *State v. Tressler*, 503 S.W.2d 13 (Mo.1973) held that indictment by grand jury on the sole basis of hearsay evidence does not violate due process. The United States Supreme Court expressly so held in the case of *United States v. Costello*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Our Supreme Court has previously stated ". . . While an indictment cannot be returned without the hearing of some testimony, the grand jury are themselves the judge of how much testimony is required, and also as to whether the testimony which they hear is competent." *State v. Randolph*, 139 Mo.App. 314, 317, 123 S.W. 61, 62 (1909).

Further in *State v. Pierson*, 337 Mo. 475, 85 S.W.2d 48, 50 (1935) the Supreme Court said ". . . [T]he question is not as to the sufficiency of the evidence before the grand jurors, for of that they are the judges, but it is whether they had before them any evidence at all. If it were otherwise, it would result that the court would become the tribunal to indict as well as the tribunal to try the case." However, it is important to note that the court in *Tressler* expressed in their acceptance of an indictment based on hearsay, some limitations on prosecutors as to the evidence presented to a grand jury.

> . . . We adhere to the rule that an indictment may be based on hearsay. The defendant has not contended that the grand jury was totally *without evidence or that they viewed, heard and accepted illegal evidence.*

503 S.W.2d at 16 (Emphasis added.)

Defendant next contends that the court erred in admitting prior court testimony of Bischoff since the state failed to prove his death or unavailability.

Bischoff testified at the first trial of this case. That case resulted in a hung jury. According to the state, Bischoff died before the second trial while in France. Prior to the introduction of his transcribed testimony at the first trial the state offered Exhibit 8 into evidence, a Form FS–192, entitled "Report of the Death of an American Citizen" from the United States Security office. The court received the exhibit in evidence and found it was sufficient to establish the death of Bischoff for the purpose of admitting his prior recorded testimony. The exhibit was properly authenticated under the Acts of Congress.

 Testimony of a witness who is deceased or otherwise unavailable is admissible against a defendant if the former testimony was given under oath in a prior judicial proceeding at which the defendant was present and afforded the opportunity to cross-examine witness. *State v. Brooks*, 551 S.W.2d 634 (Mo.App.1977). We believe that the state sufficiently satisfied its bur-

den as to proof of death of the witness for the purpose of using the prior testimony. Death may be shown by many types of evidence, circumstantial or direct. *State v. Morrow*, 541 S.W.2d 738 (Mo.App.1976).

Section 490.220 RSMo 1969 provides:

All records and exemplifications of office books, kept in any public office of the United States, or of a sister state, not appertaining to a court, shall be evidence in this state, if attested by the keeper of said records or books, and the seal of his office, if there be a seal.

In 22 U.S.C. Sec. 2657, it is provided that the Secretary of State is in charge of all records of the Department of State. In 22 U.S.C. Sec. 1176, it is provided that the consular office should notify the Secretary of State of the deaths of an American citizen in his district. 22 C.F.R. 72.1 provides that the consular office is responsible for reporting to the State Department the death of all American citizens occurring in his consular district. The means of providing the information to the State Department is set out in 22 C.F.R. 72.4 where it is stated:

(a) Purpose and Use of Form FS–192. Form FS–192 'Report of the Death of an American Citizen,' is an administrative report established for the purpose of providing essential facts concerning the death of a United States citizen and should be used to report the death officially to the Department, to the legal representative, and to the closest known relative of the deceased. Notification of death by telegraph does not eliminate the necessity for reporting the death on Form FS–192.

Exhibit 8 was Form FS–192.

This point is also without merit.

Affirmed.

GUNN and CRIST, JJ., concur.