STATE of Missouri, Respondent,

v.

Kerry BROWN, Appellant.

No. 40545.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1979.

Robert C. Babione, Public Defender, Erica B. Leisenring, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury for the offense of escape from lawful custody in violation of Section 557.351, RSMo. 1975 Supp. His punishment was assessed at four years imprisonment in the Missouri Department of Corrections. We affirm.

Defendant contends the evidence on which the indictment was based was legally insufficient. He was in lawful custody by reason of two convictions for assault with intent to kill. While admitted to Homer G. Phillips Hospital on May 10, 1975, he left such custody by cutting his chains and leaving his hospital bed. He was arrested in California and returned to Missouri in June, 1977. Defendant was charged by indictment on February 14, 1978 and filed a motion to dismiss and/or quash the indictment, for the reason above enumerated, in March of that same year.

A hearing was held on defendant's motion where it was determined that the sole evidence for issuance of the indictment was the testimony of a St. Louis Police Officer, Detective McCord, to the effect that he had travelled to California pursuant to a writ or warrant and had arrested defendant on an escape charge. No documentary evidence was presented to the grand jury and the indictment proceedings were not transcribed. The motion was denied and defendant obliged to proceed to trial.

Although Missouri courts have required a grand jury to hear evidence before it returns an indictment, it has long been recognized that the grand jury is the judge of the sufficiency and competency of that evidence. State v. Selle, 367 S.W.2d 522, 526 (Mo.1963); State v. Randolph, 139 Mo.App. 314, 123 S.W. 61, 62 (1909). Thus, so long as there be some evidence to support issuance of an indictment, Missouri courts are loath to pass upon its sufficiency. Selle, supra; Randolph, supra. Were it otherwise, a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. See Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408–409, 100 L.Ed. 397 (1956). Defendant's first point is denied.

Finally, defendant says he was prejudiced by the repeated use of the word "escape" during his trial. The prosecuting attorney asked a witness whether he recalled an escape attempt. Defense counsel's objection to the term "escape" was sustained by the court and the jury instructed to disregard the question. Twice more the witness referred to an "escape" attempt attributable to defendant, as did yet another witness. Each time defense counsel objected, and each time the objection was sustained and the jury admonished to disregard use of the term "escape". After his last objection to use of this conclusory term, defense counsel moved for a mistrial, which motion was denied by the court.

Defendant submits that use of the term "escape" was itself a legal conclusion on what should have been an ultimate issue of fact. We hold that given the nature of the crime for which defendant stood charged, the word is indeed conclusory, but that defendant suffered no prejudice thereby. State v. Reynolds, 517 S.W.2d 182, 183 (Mo.App.1974). The term escape is a word of common usage, a descriptive term for which substitution is difficult. And, in every instance in which the word was uttered, the jury was instructed to disregard its use.

Furthermore, as recognized in State v. McClain, 531 S.W.2d 40 (Mo.App.1975), the granting of a mistrial is a drastic remedy and,

[t]he trial judge has a duty to evaluate the whole situation to ascertain whether some other remedy short of a mistrial will cure the error, and that the appellate court reviews that decision only to verify that there has been no abuse of discretion.

No such abuse having been demonstrated, defendant's last point is also denied.

Affirmed.

REINHARD, P. J., and GUNN, J., concur.