STATE of Missouri, Respondent,

v.

Eugene Rodney RODEBAUGH, Appellant.

No. 44327.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 14, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

Daniel P. Reardon, Jr., Webbe & Reardon, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CLEMONS, Senior Judge.

Charged with second degree murder for shooting Roger Skaggs the jury found defendant Eugene R. Rodebaugh guilty of manslaughter. The trial court fixed defendant's punishment at seven years in prison. He appeals.

The state's evidence: During the early hours of 1979 New Years Day there were three disorderly brawls among across the street neighbors and their visitors. During the last affray victim Roger Skaggs struck defendant with a dislodged street sign. As Skaggs withdrew defendant got a rifle from a car trunk and fatally shot Skaggs. Defense of self-defense was obviously disbelieved.

Here, defendant does not challenge sufficiency of the evidence. Instead he claims error in denying his motion to dismiss. This on the ground there was an eighteen month delay between his *arrest and arraignment,* in violation of federal and state laws.

■ The state counters this contention: The suppressed indictment was promptly returned within days after the killing. Police promptly but futilely attempted twice to arrest defendant at both his and his mother's home, asking neighbors to notify the police if he appeared. About a year later defendant enlisted in the army, went AWOL for four months, and was soon arrested by the army and turned over to police. This was 18 months after the suppressed indictment had been issued.

As said defendant first contends the 18-month delay between his arrest and arraignment violated his constitutional right to a speedy trial. There was then no specific time limit in federal law.

The landmark Missouri case on speedy trial is *State v. Black,* 587 S.W.2d 865 [1–15] (Mo.App.1979). Its holdings pertinent to this case: (a) The right to a speedy trial depends on the facts of each case. (b) Evils of arrest begin with a defendant's arrest and his right to speedy trial then accrues. (c) This whether or not defendant is free on bail. (d) Delay caused by defendant is not held against the state.

The state justifies the 180-day delay on these facts: When arrested defendant gave two addresses—those of his ex-wife and his own—and two attempted arrests were futile; inquiries at the scene were not responsive; for the last six months defendant was in the army but had been AWOL for the last four months thereof and was finally arrested while in military custody.

Thus the trial court had evidentiary support for denying defendant's motion to dismiss for the state's failure to promptly bring him to trial. We deny defendant's primary point and take up his second point—that he should have been discharged under the state's 180-day statute, Section 545.780, RSMo.1978.

■ Paragraphs 2 and 3(2) of the statute provide a defendant's trial shall begin 180 days *after arraignment,* and in computing that time defendant's absence shall be excluded. Those provisions do not help defendant here. Paragraph 5 of the statute

provides if a defendant is not brought to trial within 180 days the trial court may dismiss the charge if the delay was caused by the state.

In *State v. Newberry,* 605 S.W.2d 117 [9] (Mo.1980), the court dealt with the last cited statutory provisions and ruled they were of no help to defendant who had "failed to sustain his burden of showing that the delay was attributable to the state ..." So it is here.[1]

■ By his last point defendant claims error in denying a mistrial for prejudicial comment when the prosecutor twice asked a state's witness to describe the "victim's" position after being shot. On defense counsel's objection to use of that word as argumentative the trial court sustained the objections and ordered the jury to disregard such argument. Later it denied a mistrial.

We decline to follow the defendant's cited case of *People v. Williams,* 17 Cal. 142, ruled in 1860. We see no prejudice to defendant in the prosecutor's reference to the body of a man dead of a gunshot as a "victim". In any event, we hold the claimed error was cured when the trial court sustained the objections and directed the jury to disregard them. *Compare State v. Brown,* 588 SW2d 745 [5] (Mo.App.1979).

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.

1. Also see *State v. Edwards,* 650 S.W.2d 655   (Mo.App.1983).