**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Raymond Bruce CROW,
Defendant–Appellant.**

No. 54092.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 30, 1988.

Jeffrey A. Robertson, Asst. Public Defender, St. Charles, for defendant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

On retrial defendant was again convicted by a jury of Robbery in the First Degree, § 569.020, RSMo 1986, and Armed Criminal Action, § 571.015, RSMo 1986, and sentenced by the court to serve concurrently terms of life imprisonment. Defendant's prior convictions were overturned on unrelated grounds. *State v. Crow,* 728 S.W. 2d 229 (Mo.App.1987). He appeals; we affirm.

Defendant argues that the trial court erred in denying defendant's motion to suppress all evidence of victim's identification of him as the robber on the ground that

---

victim's initial identification was made in overly suggestive circumstances. Defendant also argues that the court erred in allowing in evidence at trial recorded testimony of victim given during the original trial even though victim predeceased the retrial.

In reviewing a trial court's ruling on a motion to suppress evidence we view the facts and reasonable inferences arising therefrom favorably to the order challenged; may freely disregard contrary evidence and inferences; and affirm the trial court's ruling if the evidence is sufficient to sustain its finding. *State v. Blair,* 691 S.W.2d 259, 260 (Mo. banc 1985). In *State v. Smith,* 704 S.W.2d 290, 291 (Mo.App.1986) we recited "the legal principles pertinent to the admissibility of identification testimony" stating that

> a two step analysis is required. First, the police procedures are to be considered to determine if they are impermissibly suggestive. Second, if they are found to be impermissibly suggestive then the inquiry turns to the *reliability* of the in-court identification. In determining reliability, the court looks at the "totality of the circumstances" including: (1) The opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.

(Citations omitted; emphasis added.)

The facts in this case are simple. Defendant was hitchhiking eastbound on Interstate 70 on June 17, 1985, when victim picked him up around 1:00 p.m. just east of Kansas City. Victim and defendant rode and conversed together until just east of Warrenton; this leg of the trip taking about three hours to travel. Here defendant held a pocketknife blade against victim's ribs and ordered him to pull the car over and stole between twenty and thirty dollars from him and exited the car. Within five minutes victim found a state highway patrolman and reported the incident. He gave the patrolman the following description of his assailant: White male, about five feet ten inches tall, weighing around one hundred seventy pounds, sporting a mustache and long bushy wavy blond hair; wearing a baseball-type hat, light blue shirt, and denim pants; and carrying a large blue canvas bag and a short-bladed knife.

Victim and the patrolman searched for the robber for an hour. At one point during the search the patrolman pointed out a man with light blond hair who was wearing a ball cap. Victim said that he was not the robber, "He's too young, and his hair is too light." Two hours after the robbery victim went to a truck stop to view defendant. Defendant was seated in the back seat of a patrol car when victim identified him through a side window as the robber. Victim then viewed defendant through the front of the patrol car and positively identified him as the robber, "Well, I'm positive." In court victim identified defendant by observing him in the courtroom and by pictures taken on the day he was arrested.

All five enumerated factors of the "totality of the circumstances" of the second step in the analysis are fully satisfied in these facts so that victim's initial identification of defendant as the robber is reliable; therefore all of the identification testimony is admissible.[1]

Defendant's second point is, "The trial court erred in allowing the recorded testimony of the complaining witness to be read to the jury as original testimony in that defendant was unable to confront the complaining witness by cross examination in violation of his rights under the sixth and

---

1. Although we decide the case on other grounds, defendant voluntarily admitted that victim identified him by his testimony at trial. Defendant testified that victim picked him up just east of Kansas City, that they rode together and conversed for three hours, and that he got out of victim's car near Warrenton. "[A] defendant's voluntary judicial admission of facts before a jury is conclusive of the facts contained in the admission." *State v. Ryder,* 598 S.W.2d 526, 528 (Mo.App.1980) (*citing State v. Eacret,* 456 S.W.2d 324 (Mo.1970)).

fourteenth amendments to the United States Constitution."

■ The general rule is that "[t]estimony of a witness who is deceased or otherwise unavailable is admissible against a defendant if the former testimony was given under oath in a prior judicial proceeding at which the defendant was present and afforded the opportunity to cross-examine [the] witness." *State v. Robinson*, 585 S.W.2d 515, 516 (Mo.App.1979). The state established victim predeceased the retrial and the testimony is from a prior trial where defendant was present and was represented by counsel. Defendant's counsel at the prior trial extensively cross-examined victim.

Defendant argues in his brief that his counsel at the prior trial failed to use his opportunity to cross-examine victim to ask him about discrepancies between his testimony elicited on direct examination and his testimony at the pre-trial hearing, thus rendering the prior testimony inadmissible. In *State v. Hicks*, 591 S.W.2d 184 (Mo.App. 1979), the southern district was confronted with a case in which the defendant raised, as one of his points on appeal, the insufficiency of the cross-examination of the witness in prior trial testimony when that testimony was admitted into evidence at his trial because the witness was unavailable. The court held, as we do here, that the test for the admissibility of prior testimony of an unavailable witness is whether there was an opportunity for full and complete cross-examination of that witness at the time the testimony was given rather than the use counsel made of that opportunity.

Victim was cross-examined extensively by counsel at the prior trial. To hold that every possible issue was not examined by counsel during his cross-examination of the unavailable witness at the prior proceeding would in effect render the use of testimony of unavailable witnesses inadmissible in any case. This is not the law.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.