STATE of Missouri, Respondent,

v.

Ricky W. MEADS, Appellant.

No. WD 40114.

Missouri Court of Appeals,
Western District.

March 27, 1990.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, C.J., and LOWENSTEIN and FENNER, JJ.

NUGENT, Chief Judge.

Defendant Ricky W. Meads appeals his conviction by a jury of second-degree assault, and the trial court's imposition of a sentence of seven years. He also appeals the judgment on his Rule 29.15 motion. We affirm the judgments of the trial court and the hearing court.

In his first point on appeal, Mr. Meads contends that the trial court erred in failing to declare a mistrial because the prosecutor's references during trial to an "assault" constituted a conclusion and improper comment on the evidence. In point two, he argues ineffective assistance of trial counsel in that his attorney failed to object to the prosecution's use of "assault" and introduced evidence of the defendant's prior bad acts. In his final point, the defendant maintains that the postconviction hearing court erroneously denied his motion for postconviction relief in that his hearing counsel failed properly to amend his postconviction motion.

At about eight-thirty or nine o'clock on the evening of February 2, 1987, after drinking beer at the D & R Tavern, Larry Mothersbaugh met defendant Meads at Casey's convenience store. Mr. Meads invited Mr. Mothersbaugh to accompany him to the house where he stayed with his sister, Connie Seward, his sister's children and her boyfriend, Jimmy Ballard. They walked to the house and as they entered, the defendant pushed Mr. Mothersbaugh off the front porch. Mr. Mothersbaugh fell to the ground, and Mr. Meads kicked and punched him, calling him "a nark." According to Mr. Mothersbaugh, he did not resist Mr. Meads' assault, but rather tried to cover his face.

He testified that he heard Ms. Seward "hollering for him [the defendant] to stop." After about five or ten minutes, according to Mr. Mothersbaugh, Mr. Meads stopped hitting and kicking him. Mr. Mothersbaugh then walked to the house of a friend, Rhea Miller, but found no one at home. He walked to another house where the residents telephoned the police. Finally, Mr. Mothersbaugh walked to his own house.

The police arrived. After some hesitation, Mr. Mothersbaugh told them that the defendant had beaten him. The police took him to a local hospital where he received treatment for fractured ribs and a contusion, with bruising and laceration over his right eyebrow, that resulted in the right eye swelling shut.

The state charged the defendant as a prior and dangerous offender with first degree assault, in violation of § 565.050.[1] At trial, on May 6, 1987, the court adjudged Mr. Meads a prior offender under § 558.016.2. During the trial, the prosecutor made several references to the "assault" against Mr. Mothersbaugh. Further, on cross-examination, defense counsel, Dan K. Purdy, asked Mr. Mothersbaugh whether, while in jail together in 1984, Mr. Meads had broken his nose after he told the defendant that he and the defendant's wife had had sexual intercourse. Mr. Mothersbaugh denied having referred to Mrs. Meads but acknowledged fighting the defendant.

The jury convicted Mr. Meads of second degree assault and the court sentenced him as a prior offender to the maximum term of seven years imprisonment. The court also denied his motion for a new trial, and the defendant appealed.

Mr. Meads moved, pro se, for postconviction relief under Rule 29.15, alleging ineffective assistance of counsel. He also moved, successfully, to have the trial judge disqualified from hearing his postconviction motion. At his postconviction hearing on December 13, 1988, the defendant's appointed counsel, Gary W. Cover, moved for the first time to amend the defendant's Rule 29.15 motion. The hearing court allowed oral amendment of the motion but denied the defendant's motion for a continuance to amend the motion in writing. After the hearing concluded, the court denied postconviction relief. We have consolidated Mr. Meads appeal from the judgment on the Rule 29.15 motion with his direct appeal.

In his first point, Mr. Meads argues that the trial judge plainly erred in permitting the prosecutor to use the word "assault" in referring to the February 2, 1987, beating of Mr. Mothersbaugh. The defendant "asserts that permitting the prosecutor's use of the word 'assault' ... rises to the level of abuse of discretion and plain error" because the repetition of the word caused the jury to believe more strongly that an assault had occurred. He invokes plain error because his motion for a new trial did not preserve the issue for appeal.

An appellate court may review issues that a defendant failed to preserve for review at trial only for plain error. *State v. Laws,* 661 S.W.2d 526, 531 (Mo.1983) (en banc), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984). Plain error includes trial court error that "so substantially affects the rights of the accused that a 'manifest injustice or miscarriage of justice inexorably results if left uncorrected.'" *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983) (en banc). Appellate courts should sparingly apply plain error review and must determine the existence of plain error "from an examination of the particular facts and circumstances of each case." *Id.*

The defendant relies in part upon *State v. Brown,* 588 S.W.2d 745, 746 (Mo. App.1979), in which the trial judge admonished against the prosecution's use of the term "escape," calling it a legal conclusion and instructed the jury to disregard its use. The appellate court nevertheless concluded that the defendant had suffered no prejudice as a result of the use of "escape." *Id.* at 746. Further, the court emphasized that granting a mistrial constituted a remedy

1. All sectional citations refer to Missouri Revised Statutes, 1986.

too drastic to impose where no abuse of trial court discretion existed. *Id.*

Moreover, in *State v. Newman,* 605 S.W.2d 781 (Mo.1980), the Missouri Supreme Court concluded that although the prosecution used an impermissible term, "mug shot," during trial, the defendant had suffered no prejudice as a result of its use. *Id.* at 788. The court held that the trial court had not abused its discretion in refusing to declare a mistrial. *Id.* Similarly, in *State v. Reynolds,* 517 S.W.2d 182, 183 (Mo.App.1974), the appellate court held that the impermissible use of a legal conclusion did not warrant reversal of the defendant's conviction.

As in the foregoing cases, the defendant here suffered no prejudice from the state's use of the term "assault" in describing the beating of Mr. Mothersbaugh. The prosecution could have used a different term, although an innocuous euphemism such as "incident" or "event" as suggested by the defendant would not have conveyed a substantially different impression to the jury than did "assault," given the graphic description by Mr. Mothersbaugh of the attack and the photographs of him after the beating. Thus, the trial judge did not plainly err in failing to instruct the jury to disregard the term "assault" as a legal conclusion.

■ In his second point on appeal, Mr. Meads contends that the trial court erred in sentencing him on the assault charge because Mr. Purdy provided ineffective assistance of trial counsel, first, in failing to object to the prosecution's use of the term "assault," and, second, in eliciting from Mr. Mothersbaugh the fact that defendant Meads had once broken his nose. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established the test to determine ineffective assistance of trial counsel. First, the defendant must prove that trial "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms, *Id.* at 688, 104 S.Ct. at 2065, but, the Court warned, a presumption of competence exists. *Id.* at 689, 104 S.Ct. at 2065. Second,

the defendant must prove that he suffered prejudice as a result of counsel's actions. *Id.* at 687, 104 S.Ct. at 2064. In following *Strickland,* the Missouri Supreme Court has held that appellate courts should grant a new trial on the basis of ineffective assistance of counsel only if the defendant can show that "counsel could have obtained a different result." *Love v. State,* 670 S.W.2d 499, 504 (Mo.1984) (en banc).

■ The use of the term "assault" did not cause the defendant to suffer prejudice, therefore, Mr. Purdy's failure to object to its use also caused the defendant no prejudice. Thus, the first argument in his second point fails.

■ Mr. Meads' second argument also fails. At the defendant's postconviction relief hearing, Mr. Purdy testified that he asked Mr. Mothersbaugh about the broken nose incident in order to show that the witness had reason to avenge himself on the defendant and thus had reason to lie about the beating on February 2, 1987. The record shows that Mr. Purdy tried to discredit Mr. Mothersbaugh in several ways, including the questions about his broken nose. Hence, Mr. Purdy's actions constituted trial strategy and did not fall below "an objective standard of reasonableness." The defendant's second argument of his second point on appeal therefore fails. *Maggard v. State,* 471 S.W.2d 161, 166 (Mo.1971).

We may not address his third point on appeal because an appellate court may not review allegations of ineffective assistance of counsel at a postconviction hearing, except in a rare instances. Mr. Meads' situation does not fall within these exceptions. *State v. Perez,* 768 S.W.2d 224, 228 (Mo. App.1989).

All concur.