BERNARD J. SHONINGER *et al.*, Respondents, v. JOHN C. DAY, Sheriff of Greene County, Appellant.

St. Louis Court of Appeals, February 14, 1893.

1. **The Judgment in This Cause** is affirmed upon the authority of *O'Neal v. Day, ante,* p. 139.

2. **Witnesses**: ADMISSION OF PRIOR STATEMENTS IN IMPEACHMENT: EFFECT OF SUCH EVIDENCE. Evidence of statements made by a witness out of court, when received to impeach his contrary testimony in court, cannot be treated as independent evidence, that is, as competent evidence of the truth of the statements thus made.

*Appeal from the Greene Circuit Court.*—Hon. W. D. Hubbard, Judge.

Reversed and remanded.

*Jas. W. Silsby* and *C. V. Buckley*, for appellant.

*Vaughan & Cox* and *Vint. N. Bray*, for respondents.

Rombauer, P. J.—This cause presents in the main the same features as the cause of Henry O'Neal *et al.* against the same defendant, *ante*, page 139. The main difference between the two causes is that this cause was tried before a jury, and that the testimony elicited therein is more full both as to the authority of Johnson, the local carrier, as agent of the attachment defendant, and the ground upon which the attachment defendant put its refusal to place the goods in its store when brought there by Johnson. The verdict and judgment were for plaintiffs, and the error assigned has exclusive reference to the instructions given and refused.

In this case the manager of the attachment defendant positively testified that, when the goods arrrived at the store, he declined to receive them from Johnson, on the distinct ground, *then stated*, that the store was in a filthy condition, owing to a recent fire and unfit for the storage of goods, and that for that reason alone he requested the goods to be returned to the railroad warehouse. He also positively testified that he was at said time not aware of the insolvency of

his concern, but learned that fact only several days thereafter.

Johnson, the local carrier, also testified that he had general authority in writing from the attachment defendant to receive and receipt for goods consigned to it, and produced as a sample a blank card as follows:

"SPRINGFIELD, MO.

"——— *Agent of* ——— *R. R. Co.*

"Deliver freight to Johnson's transfer, and oblige,

"———."

These cards were signed by his customers in blank, and, when goods arrived, he filled them out with date, name of railroad and description of goods. He also testified that he had no connection with the railroad company whatever. He took the box to the store of the attachment defendant on the occasion in question, and, upon its refusal to receive it, returned the box to the railroad depot, simply stating that the consignee refused to receive the goods.

The testimony of the manager was sought to be impeached by showing that he had made statements out of court to the effect that he refused to receive the goods on account of the insolvency of his concern, but no direct evidence of the fact, that he did so *when the goods were tendered*, was offered by the plaintiffs. With these exceptions the evidence was substantially the same as the evidence in the *O'Neal case,* except that all the evidence seems to concede that the box containing the goods in question in this case was removed by Johnson to the attachment defendant's store, and thence taken back to the railroad warehouse.

The second and third instructions given on behalf of the plaintiffs should have been refused, because there was no evidence to support them. They were predicated upon the refusal of the manager to receive the goods *on account of the insolvency of his concern.* He

testified that he did not refuse to receive them on that ground when Johnson brought them there, but on the distinct ground that the store was filthy  He could not change the ground of his refusal after the right of the attaching creditors had intervened, nor revive a transit which had terminated.  Impeaching evidence is not independent evidence.  We deny the correctness of the proposition that a jury may, when a fact is asserted by a discredited witness, not only disbelieve him, but also consider his assertions of one fact as affirmative testimony of another fact diametrically the reverse. *Boatmen's Savings Bank v. Overall,* 16 Mo. App. 510, 514.

The court at the request of the plaintiff also instructed the jury as follows:  "If you believe from the evidence that, at the time M. M. Johnson offered to deliver the goods in controversy to the Springfield Dry-Goods & Clothing Company, its manager refused to take them for any reason, and they were sent back to the depot and there remained without any new arrangement or contract with the railroad company to hold them only for said dry-goods company, then there was no delivery of the goods to the said Springfield Dry-Goods & Clothing Company."

This instruction is erroneous, because, if the manager refused to receive the goods for the reason stated by him, and no other, the transit was ended, and the railroad company thereafter were simply warehousemen for him.

In other respects the instructions present the same vice as the instructions given for plaintiffs in the *O'Neal* *case,* and what we said in our opinion in that case will suffice to prevent a repetition of similar errors upon retrial.

All the judges concurring, the judgment is reversed and the cause remanded.