**STATE of Missouri, Respondent,**

v.

**Dennis A. DODSON, Appellant.**

**No. KCD 26278.**

Missouri Court of Appeals,
Kansas City District.

June 4, 1973.

Theodore M. Kranitz, Kranitz & Kranitz, St. Joseph, for appellant.

Rupert G. Usrey, Holt County Pros. Atty., Oregon, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and SWOFFORD, JJ.

WASSERSTROM, Judge.

Defendant appeals from conviction by a jury and a fine of $100.00 for driving while intoxicated in violation of § 564.440 RSMo 1969, V.A.M.S. It was questionable whether the Points Relied Upon set forth in defendant's brief on appeal should be considered as in compliance with Rule 84.-04(d), V.A.M.R. However, no complaint is made by the State, and indulgently construed the points can be read to allege error by the trial court in not sustaining defendant's motion for acquittal at the close of all the evidence. This assignment of error must be sustained.

On the afternoon of September 18, 1971, defendant had two bottles of beer in a tavern some time between 3 and 5 p. m. At about 7 p. m. he started for home by highway, but shortly before 9 p. m. he ran off the highway into a ditch in a one-car accident.

Mr. and Mrs. Steven Cotton came by the scene of the accident. Mr. Cotton assisted defendant out of his automobile and into the Cotton car, and Cotton then drove defendant home.

At about 9:40 p. m. Sergeant Matthews of the State Highway Patrol came to de-

fendant's home to interrogate him about the accident. Matthews looked through a window and saw defendant lying on a bed fully clothed in the lighted bedroom. Matthews made sufficient noise to arouse defendant who then went to the front door and let the officer in. Matthews testified that defendant's eyes were bloodshot, he was unsteady on his feet, his speech was very thick to the point of being incoherent and he smelled heavily of alcohol. Based upon those observations, Matthews testified that in his opinion defendant was intoxicated at the time of that observation. Matthews also testified that defendant stated to him that he, the defendant, had not been involved in any accident, that he had not been operating his car, and that he had never left home that entire evening.

Defendant testified in his own behalf. He admitted his consumption of two bottles of beer in the afternoon and also the presence of unopened beer cans in his car, but he denied being intoxicated at any time up to or including the occurrence of the accident. He explained the accident on the basis of a sudden flat tire. Defendant further testified that as a result of being shaken up in the accident his neck hurt, and when he arrived home he took three big drinks of whiskey before lying down. Defendant denied having told Sergeant Matthews that he had not been in an accident and stated instead that he made an affirmative response in that respect.

The only other pertinent evidence introduced by either side was that of Mr. Cotton. On behalf of the defendant, he testified in direct examination that when he helped defendant out of his automobile he detected no odor of alcohol, that defendant was able to walk by himself, and that he gave no sign or smell of having consumed alcohol. However, on cross-examination, he admitted that he could not say definitely one way or another whether defendant was intoxicated at the scene of the accident. While this cross-examination may have effectively impeached the direct testimony of this witness, Cotton's testimony certainly does not affirmatively prove defendant's intoxication at the scene of the accident.

The elements of the offense charged in this case are: (1) that defendant operated a motor vehicle; and (2) that he was intoxicated while so doing. State v. Chester, 445 S.W.2d 393 (Mo.App.1969); State v. Grove, 204 S.W.2d 757 (Mo.1947). There is no question here as to the first of those elements. That leaves as the sole issue the question of whether defendant was intoxicated at the time when he was driving. A review of the record in this case compels the conclusion that there was not sufficient evidence to support a finding to that effect.

The State relies primarily on the testimony of Sergeant Matthews. Matthews' testimony was amply sufficient to show that defendant was intoxicated at his home at 9:40 p. m. However, that was not the crucial time at which intoxication had to be shown. Rather, it was incumbent upon the State to prove that defendant was intoxicated at and before 8:55 p. m., while he was driving his vehicle. The fact that defendant was intoxicated at 9:40 p. m. is not substantial proof as to his condition approximately one hour previously.

This proposition was so ruled on substantially identical facts in State v. McKenzie, 204 Iowa 833, 216 N.W. 29, l. c. 31 (1927). In that case the defendant had an accident on the highway, after which he returned to his hotel in town. About an hour later the town mayor and the marshal called on him at the hotel concerning the accident, and both testified that defendant was drunk at the time of that conference. The defendant, on the other hand, testified that he was not intoxicated while driving his car, but that he did have a drink after he got back to the hotel following the accident. The Iowa Supreme Court held that this evidence was insufficient to support a conviction for drunken driving:

"While this law providing for punishment for one operating an automobile on a public highway while intoxicated is

very salutory and needs vigorous application, owing to the large number of automobiles and the large volume of traffic on the public highways, and we are disposed to uphold it, to the end that the general traveling public may be protected against reckless and careless driving by persons in an intoxicated condition, at the same time we do not feel that a man should be branded as a felon under facts such as are developed in this case. The real question was: What was the condition of McKenzie at the time this accident occurred?

\* \* \* \* \* \*

". . . [T]he evidence introduced in this case was not sufficient to take this question to the jury."

A similar ruling was made in State v. Liechti, 209 Iowa 1119, 229 N.W. 743 (1930). In that case the defendant had an accident in town at 12:10 p. m. after which he drove out of town and parked on a side road. Between 3 and 4 a. m. he was found asleep in his car by the sheriff and other witnesses who testified that he was then drunk. The State argued that this testimony warranted an inference or presumption that defendant was likewise intoxicated at the time of the accident. The court held that such an inference or presumption was not permissible and that the evidence was insufficient to support a conviction for driving while drunk. In this connection, the court made the following much quoted ruling at p. 743:

"The evidence for the prosecution is concentrated upon the alleged condition of the defendant at the time of his discovery asleep in his car on the 'side road'. This is the major circumstance relied on. The claim for the prosecution is that the defendant was at that time in such an intoxicated condition as to disqualify him from driving an automobile at that time. From this circumstance a presumption or inference is contended for, that his then condition was a continuation of his former condition. The

state is confronted here with the rule that a presumption does not travel backward. It looks forward only."

With respect to the same matter, the same court has also held more recently in State v. Creighton, 201 N.W.2d 471, 1. c. 473:

"We are now asked to hold one who is under the influence of an alcoholic beverage at an established time was necessarily in that condition at some earlier unspecified moment without any evidence concerning the length of the interval between the two or of the events occurring during it. Our decisions are clear and consistent that we cannot do so. [citing cases]

"These cases present widely differing circumstances and results, but they all have one thing in common—the fact a defendant was under the influence of an alcoholic beverage at the time of his arrest, without a showing of more, will not support a finding he was in that condition when driving a motor vehicle at some earlier time."

Similarly in State v. DeCoster, 147 Conn. 502, 162 A.2d 704, 1. c. 706 (1960), the court held that the element of intoxication at the time of operating an automobile was not proved by evidence of a state of intoxication at a subsequent time:

"Time was an element of importance. The state assumed the burden of proving not only that the defendant was operating the car but also that he was under the influence of liquor at the time. This element was not satisfied by showing that he was intoxicated when he was found by the officer."

■ Nor can the State flesh out its case by reliance upon the extrajudicial statements which Sergeant Matthews testified were made to him by the defendant at the defendant's home, and which defendant at trial denied having made. It must be noted that these statements did not constitute

admissions, but to the contrary, were denials by defendant of any statutory violations. While the jury was most certainly privileged to believe that the extrajudicial statements were made and that they were false, and could on that basis disbelieve defendant's testimony about taking three drinks of whiskey after the accident, that disbelief does not permit an affirmative inference that all drinking which resulted in defendant's intoxication occurred prior to the accident. This principle is directly ruled by State v. Taylor, 422 S.W.2d 633, l. c. 638 (Mo.1968) where our Supreme Court held that disbelief of testimony given by a defendant cannot be probative in favor of the State:

"If disbelief operates as proof, then the jury may always find on any issue unfavorably to a defendant who offers evidence favorable to himself, despite lack of other evidence on the issue. This is not the law. See Boatmen's Savings Bank v. Overall, 16 Mo.App. 510, 515–516, where the point is clearly made thus:

" '* * * We find no evidence in the record to support this instruction, unless we can assume as a legal proposition that a jury may, when a fact is asserted by a discredited witness, not only disbelieve him, but consider his assertion of one fact as affirmative testimony of another fact diametrically the reverse. This we must decline to do.'

"Accord: Shoninger v. Day, 53 Mo.App. 147; Citizens' Bank of Bowling Green v. Moorman, 38 Mo.App. 484, 488.

"The effect of disbelief by the jury of the defendant's testimony is, of course, persuasive in the jury's arriving at their verdict, but is not probative and does not constitute substantive proof on a material issue not theretofore proved."

On the basis of the Taylor ruling, the extrajudicial statements by defendant can be of no assistance to the State as affirmative evidence. This is aside from the fact that no substantial significance can be attributed to anything said by the defendant at the time of interrogation, in view of defendant's highly intoxicated condition as described by Sergeant Matthews.

The State relies for an affirmance on the decisions in State v. Grove, 204 S.W.2d 757 (Mo.1947) and State v. Chester, 445 S.W.2d 393 (Mo.App.1969). Those cases are factually dissimilar and therefore not apropos.

The judgment is reversed.

All concur.