**STATE of Missouri, Respondent,**

v.

**Elmer Henry BRUNS, Appellant.**

**No. KCD 26987.**

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

Len L Balke, Kansas City, for appellant.

Robert S. Drake, Jr., Pros. Atty., Benton County, Warsaw, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

In this jury-waived trial, the court found appellant guilty of driving a motor vehicle while intoxicated, in violation of § 564.440, RSMo 1969, V.A.M.S., and his punishment was set at a $100.00 fine.

Respondent says that appellant did not present his present points to the trial

court in his motion for new trial. No motion for new trial is necessary in a court-tried case for the purpose of appellate review under Rule 73.01, subd. 2(b), V.A.M.R.,—the provisions of which are applicable to criminal cases under Rule 28.18. The major inquiry is whether the evidence adduced by the state, and considered in its most favorable light, is sufficient to sustain the conviction.

On July 15, 1972, Leo Casey was a deputy sheriff of Benton County and a deputy marshal of Cole Camp, Missouri, and was on duty. At about 8:30 in the evening Casey saw appellant at an intersection of Highway 52 and a street in Cole Camp where there was a four-way stop sign. It is not at all clear, but it is inferable (but not material to the charge) that appellant had been involved in a collision. Appellant was then seated under the wheel in his car pretty well at the corner and Casey asked him, "to wait, just to stop, wait right there until I could get my car out of the middle of the street." As Casey started to pull out of the road, appellant drove off, going to the stop sign at which he turned right on Highway 52. Casey was asked on direct examination whether he observed anything unusual about appellant. He responded, "A. Well, I would say, yes, that he wasn't exactly sitting straight under the wheel. And at that point, I would say that he was not—should not have been driving, —." Upon objection that there had been no foundation laid for that opinion, the conclusion was stricken by the court. But shortly later Casey was asked, "Q. Over the course of the years, both before and since you become a law enforcement officer, have you had an opportunity to observe men that were in various states of intoxication? A. Yes, I have. I drove a truck over the road, and—yes, I have. Q. And based on your experience and observations, do you have a judgment as to whether or not Mr. Bruns was intoxicated at the time you saw him there in Cole Camp that evening? A. Yes, sir, I would say that he was."

■ There was no objection made to the latter conclusion, and of course there did not exist sufficient facts as to the observation by Casey of appellant at the time which would, over objection, permit him to give the conclusion. See State v. Robbins, 455 S.W.2d 24, 26 (Mo.App.1970), "But be all that as it may, it is not error to permit a witness, *who relates the facts* upon which he bases his opinion * * * to express an opinion that the defendant was intoxicated. (Citing cases and authority.)" (Italics added.) Under the rule of this state, although Casey's conclusion was in evidence because it was not objected to, the conclusion, without any factual basis to support it, is without any probative value of appellant's intoxication at the time he was first seen driving his car by Casey. See Hannah v. Hannah, 461 S.W.2d 852, 856 (Mo.1971), for a discussion of the rule. The further inquiry must be, then, whether the proof of subsequent events was sufficient to sustain the court's finding that appellant was intoxicated while driving his car. These are the elements which must be established to sustain a conviction under § 564.440. State v. Fisher, infra.

■ After appellant drove off, Casey called Deputy Sheriff Al Doty, from the City Hall right across the street. The time was 8:30 p. m., give or take a few minutes. Doty drove from his home, which was a half mile south of the city limits of Cole Camp, into Cole Camp to talk to Casey. Doty felt from the description that it was appellant's vehicle which was involved, and knowing where he lived, Doty headed in that direction. He followed a trail of water from the intersection of Highway 52 and Pine Street (the four-way stop sign) out to appellant's residence, a distance of between 5 and 6 miles. The trail of water led up to appellant's car which was sitting from 60 to 70 feet inside the entrance to the driveway. Doty arrived "Maybe five minutes until 9:00 o'clock." Appellant was seated under the wheel attempting to start the vehicle but the motor was so overheat-

ed that it would not start, and steam was boiling out of it. Doty asked appellant what had happened, but could get nothing out of him. "Q. Did you notice anything unusual about his appearance? A. Well, he appeared, to me, to be in an intoxicated condition. That is why that I brought him down here, and called Trooper Frier to administer a BA Test. Q. What led you to that conclusion? A. I had probable cause to believe that. Q. I mean, just what about his appearance, or what led you to believe that, what facts? A. His speech was slurred, and when he finally did get out of the car, he was very unsteady on his feet. I helped him back to my vehicle. His shirt-tail was out, at the time. His face was very flushed, and I could smell something on his breath, and which I determined to be an alcoholic beverage of some sort." These facts, together with Doty's experience in observing men in various stages of intoxication over the years, were the bases of his conclusion that appellant was intoxicated at the time he saw him. Under Robbins, supra, and cases cited, the testimony was admissible and had probative value on the issue. See also Kansas City v. Douglas, 483 S.W.2d 760, 761 (Mo.App.1972); and State v. Fisher, 504 S.W.2d 281 (Mo.App.1973).

Considering the evidence in its light most favorable to the state, it is apparent that the two elements of the offense were established—appellant was driving, and while doing so he was intoxicated. The evidence shows that appellant was seen driving away in his car in Cole Camp by Officer Casey at about 8:30 p. m. Upon being called, Officer Doty went toward appellant's residence, some 5 to 6 miles away, following a trail of water on the road, and arrived there about 25 minutes later. The trail of water led from the road up to where it was sitting in appellant's driveway, its radiator boiling, and with appellant sitting under the wheel trying to start the car. Appellant was then intoxicated, as the court could find from Doty's testimony. All the facts and circumstances, closely connected in point of time, support the inference and ultimate conclusion that appellant had been, immediately before driving his car on the public roads in an intoxicated condition. See and compare State v. Milligan, 516 S.W.2d 795, 799 (Mo.App.1974). These facts differentiate State v. Dodson, 496 S.W.2d 272 (Mo. App.1973), where there was no proof that defendant was intoxicated at the time he was driving his automobile which was approximately one hour prior to the time defendant was arrested at his home. There was no evidence in Dodson that defendant had been driving his vehicle immediately prior to his arrest, nor any circumstances permitting a legitimate inference that he had been doing so, as is the case here. Cases such as Blevins v. State, 38 Ala.App. 584, 90 So.2d 98 (Ala.App.1956), where some time after defendant was *first* seen driving he was "drunk", (held, insufficient to support the conviction because it was some time after the alleged offense had been committed) are, on the facts, likewise distinguishable. Cases such as those cited in Dodson, particularly State v. Liechti, 209 Iowa 1119, 229 N.W. 743 (1930), condemning a backward travelling presumption, are also inapplicable, because there is no need, under the proven facts and circumstances permitting an inference of driving in the present while intoxicated, to apply any retroactive presumption.

■ Appellant claims that his arrest was made in violation of § 564.443, because not made within one and one-half hours after the alleged offense. As noted, Doty's arrest was made about 9:00 p. m., according to his testimony. That arrest, under the evidence above set forth, was made immediately by Doty on his probable cause to believe that appellant was intoxicated and immediately prior to that observed condition, he had driven his car. The contention is without merit.

■ The Missouri Uniform Traffic Ticket issued in this charges appellant with commission of the offense "On or about 7–15–72, at or near 'in Cole Camp on M-52' at '10:00 P.M.'" Appellant says there was

no evidence that he was driving intoxicated at 10:00 p. m., and that this is another reason that the court should have acquitted him. The officer who administered a breathalyzer test to appellant testified that 10:00 p. m. had reference to the time of the test. Rule 37.28 controls in its words, "No information or complaint shall be deemed invalid [by reason of], * * * fourth, for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense; or, fifth, for stating the time imperfectly, * * *." See also Rule 24.-11. Here, it is sufficient that the evidence showed the commission of the offense on the day charged. The hour of that day is not of the essence of the offense under the facts here which show the hour of 10:00 p. m. on the traffic ticket to be a clerical error. Compare State v. Crawford, 99 Mo. 74, 12 S.W. 354 (1889); the line of cases involving liquor violations such as State v. Randolph, 139 Mo.App. 314, 123 S.W. 61 (1909), construing the statute which preceded Rule 24.11; 41 Am.Jur.2d Indictments and Informations, § 118, p. 955, et seq.; and 42 C.J.S. Indictments and Informations § 124, p. 1005, et seq. The exact hour of the offense being immaterial in this case, there is no fatal variance between the charge and the proof, and the point is overruled.

█ Appellant complains of the testimony as to the administration of a breathalyzer test to him as relating to volume rather than by weight. An objection to this testimony was sustained and it was ordered stricken by the court. The court must be deemed not to have considered that stricken testimony. The evidence is otherwise sufficient to sustain the conviction, and it is unnecessary to consider appellant's testimony, offered to counter evidence of his driving while intoxicated, that he had consumed "too much" alcohol after he had arrived at his residence on the day in question.

The judgment is affirmed.

All concur.