**STATE of Missouri, Plaintiff-Respondent,**

v.

**James P. KENNEDY,
Defendant-Appellant.**

No. 35948.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 25, 1975.

Rosecan, Popkin & Chervitz, Stanley J. Goodkin, St. Louis, for defendant-appellant.

J. Brendan Ryan, Circuit Atty., Thomas W. Shannon, Pros. Atty., Edward Hupert, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

▪ Defendant-appellant was convicted in the St. Louis Court of Criminal Corrections of driving while intoxicated in violation of § 564.440 RSMo 1969 and was fined $125. Defendant's appeal has been submitted on an abbreviated transcript [1] with the following scanty stipulation of facts serving as the total facts presented to us:

"On or about June 6, 1973, Patrolman Francis Stoll of the City of St. Louis Metropolitan Police Department, came upon defendant's car which was stopped in the outside traffic lane on Highway 40 West near Oakland Avenue. Defendant was not in the driver's seat but was outside the car. Defendant was arrested without warrant at approximately 7:30 p. m. and was presented with two summonses. One summons, Number U 435264 charged defendant with violating an ordinance of the City of St. Louis 836.010, namely 'Impeding the Flow of Traffic'. A Complaint and Information were filed against the defendant, returnable in City Court Number One, City of St. Louis, State of Missouri on July 5, 1973. Defendant appeared in said Court, entered a plea of guilty and punishment was assessed as a fine of $10.00 plus court costs. Defendant thereupon paid said fines and court costs and was discharged.

"The second summons, as previously alluded to, Number U 435265, charged defendant with 'Driving While Intoxicated' in violation of Mo.R.S. Sec. 564.440, V.A. M.S. Pursuant to said summons, defendant appeared before the Court of Criminal Corrections for the City of St. Louis and moved to dismiss the information charging him with Driving While Intoxicated on grounds that since this charge concerned the same episode and same transaction as was involved in defendant's prior guilty plea before the City Court, defendant had already been placed in jeopardy in aforesaid City Court, and that to place defendant on trial before the Court of Criminal Corrections constituted double jeopardy in violation of Amendments V and XIV of the United States Constitution. Defendant submitted a motion to dismiss and without a ruling thereon defendant proceeded to trial and was found guilty of Driving While Intoxicated and was fined $125.00 plus costs.

"The only evidence presented at trial other than defendant's stipulation that he pleaded guilty to the charge of 'Impeding the Flow of Traffic' was the testimony of Patrolman Francis Stoll who stated that he came upon defendant's car which was stopped in the outside traffic lane, on Highway 40 near Oakland Avenue. Pa-

---

1. The original transcript was also submitted to this court to illustrate its inadequacies. Although it is apparent that a reviewing court must take the record as it comes, *State ex rel. State Highway Commission v. Galeener*, 402 S.W.2d 336 (Mo.1966); *Rawlings v. Taylor*, 477 S.W.2d 737 (Mo.App. 1972), we are not limited to a stipulated transcript but can on our own motion order a full transcript. Rules 81.12(c) and 84.03. But our review of the original transcript reveals no further evidence that would be beneficial to the State, that is, that the defendant was intoxicated while operating a motor vehicle.

trolman Stoll further testified that defendant was not in the driver's seat at the time his patrol car arrived at the scene. Instead, defendant was outside his car and not only were his eyes watery but he had some sort of alcoholic beverage on his breath.

"A chemical test was conducted pursuant to R.S.Mo. 564.441 V.A.M.S. to determine the alcoholic content of defendant's blood. The results of this test were erratic, but said results were not disclosed to defendant until after the trial."

In our review, we are to determine whether the trial court's conclusions were properly drawn from the facts stipulated. *Surface v. Ranger Insurance Co.,* 526 S.W.2d 44 (Mo.App.1975).

■ On appeal, defendant argues that there was no substantial evidence that he was driving an automobile while intoxicated so as to establish a violation of the statute. We are compelled to agree and reverse the conviction. To obtain a conviction for violation of § 564.440, the State must prove beyond a reasonable doubt: (1) that the defendant operated the motor vehicle; and (2) that he was intoxicated *while* operating the vehicle. *State v. Easley,* 515 S.W.2d 600, 602 (Mo.App.1974); *State v. Dodson,* 496 S.W.2d 272 (Mo.App.1973); *State v. Chester,* 445 S.W.2d 393 (Mo.App. 1969). It is palpable from the record before us that the State failed in its proof to establish that defendant was intoxicated while driving a motor vehicle.

We need not determine from the facts above presented whether the defendant was intoxicated at the time he was apprehended. What is critical is that the facts before us are as barren as Ms. Hubbard's cupboard of any evidence that defendant was operating the vehicle while intoxicated. As pointed out in *State v. Dodson, supra* it is incumbent upon the State to prove defendant's intoxication at the time the vehicle was being operated. There is nothing here to establish the time when the defendant may have been operating a motor vehicle. He was outside the car when arrested, and there is nothing to indicate when, if ever, he operated the vehicle. In those cases holding the evidence to be sufficient to establish a defendant's intoxication although outside the vehicle when arrested, a time interval has been established between the time the defendant had driven the automobile and the time of his arrest. For instance, in *State v. Hamaker,* 524 S.W.2d 176 (Mo.App.1975), the State was able to show that the defendant, who was intoxicated at the time of his arrest, had operated a motor vehicle approximately 15 minutes previously. So, too, in *State v. Bruns,* 522 S.W.2d 54 (Mo.App. 1975), the defendant was observed operating an automobile and a short time thereafter observed sitting in the parked auto in a drunken condition.[2] In *State v. Grove,* 204 S.W.2d 757 (Mo.1947), and *State v. Chester, supra,* it was held that there was sufficient evidence to prove the defendants were intoxicated while driving when it was firmly established that each defendant had operated a vehicle a few minutes prior to the time of arrest and that each defendant was intoxicated at the time of arrest.

In the case before us, there is no evidence indicating when the defendant drove his car to the position where it was subsequently found by a police officer. And even assuming that the State proved that defendant had at one time driven the motor vehicle, there was no evidence showing that the defendant was intoxicated at the time of the operation of the vehicle. Without showing the time span between when the defendant actually drove the auto and the time of arrest, no inferences can be drawn from the fact that an alcoholic beverage was detected on his breath at the time of

2. *State v. Bruns, supra,* also distinguishes the Dodson case by noting that in Dodson there was no proof defendant was drunk at the time he was operating the car, whereas in the Bruns case there was proof of a time span between the time the defendant was seen driving and the time he was found inebriated.

arrest. The State has not shown, either through direct or circumstantial evidence, that the defendant was intoxicated while operating the vehicle, and the conviction must therefore be reversed. At best, the State has done no more than create a suspicion that defendant had been drinking an alcoholic beverage while operating a motor vehicle, but sufficient proof is lacking to establish that defendant was in fact intoxicated while driving a motor vehicle. See *City of Kansas City v. Stamper*, 528 S.W.2d 767 (Mo.App.1975).

The State contends that defendant's plea of guilty to the violation of the St. Louis ordinance of impeding the flow of traffic constitutes a judicial admission of the fact that he was driving at the time he was arrested. The record before us does not contain the ordinance nor is there any indication that an attempt was made to introduce the ordinance into evidence. We do not review a document not offered in evidence nor included in the appeal transcript. *Davis v. Long*, 521 S.W.2d 7 (Mo. App.1975). Nor do we take judicial notice of the City ordinance. *City of St. Louis v. Fernbaucher*, 449 S.W.2d 672 (Mo.App. 1970), and for the court to take cognizance of the contents of a municipal ordinance it must be introduced into evidence. *City of St. Louis v. Long*, 395 S.W.2d 481 (Mo.App. 1965). Therefore, the city ordinance relating to impeding the flow of traffic and its ramifications are not before us.

The judgment is reversed.

SIMEONE, P. J., and McMILLIAN, J., concur.