STATE of Missouri,
Plaintiff-Respondent,

v.

Douglas PADGETT, Defendant-Appellant.

No. 10571.

Missouri Court of Appeals,
Springfield District.

Oct. 26, 1977.

Dennis Reaves, Pros. Atty., Stockton, for plaintiff-respondent.

John A. Watkins, Greenfield, for defendant-appellant.

BILLINGS, Chief Judge.

In a jury-waived trial defendant Padgett was convicted of misdemeanor possession of marijuana and sentenced by the court to the county jail for 60 days. This appeal questions the sufficiency of the evidence to support the conviction. We affirm.

As an incident to defendant's arrest under a probation and parole warrant, the arresting officer discovered a homemade pipe in defendant's pant pocket. The pipe, received as an exhibit, is made from a straight piece of wood. It is three and one-half inches long, is one inch wide at the bowl end, and tapers down to one-quarter inch at the mouth end. The bowl end is three-quarters of an inch wide and the bowl is hollowed so as to form a circle one-quarter inch in diameter and one-quarter inch in depth. A tiny mesh screen is located at the bottom of the bowl and between that container and a three-sixteenths of an inch hole which extends from the bowl to the end of the "stem."

The arresting officer testified he discovered the pipe when he "patted down" the defendant and when he removed it from the pant pocket it smelled of burned marijuana. He said there "was some grassy type material still in the pipe and some ashes burnt material in it."

The pipe was delivered to a chemist for the Region II Crime Laboratory at Springfield for analysis of the material in the bowl. The chemist testified a test of the residue extracted from the pipe bowl re-

vealed tetrahydrocannabinol, "the active ingredient that's found in marijuana resin and it's only found in marijuana plants." The witness said there was more than a "trace" of marijuana in the pipe bowl and "it was easily measured."

Defendant and a companion both testified defendant found the pipe on the paving near their car when they returned to the vehicle from a nearby beach. Defendant said he had the pipe "between a half-hour and an hour" before his arrest and did not know it contained marijuana.

In urging we reverse the judgment and order his discharge, the defendant contends the state's evidence was insufficient because it failed to show he was aware there was marijuana in the pipe and thus the element of conscious possession of the controlled substance is lacking. In support of this proposition, defendant relies upon *State v. Polk*, 529 S.W.2d 490 (Mo.App.1975).

In *Polk* officers found a jewelry box in an apartment rented by defendant and others. In the box were objects to process and administer heroin and seven capsules. The state's chemist testified five of the capsules contained traces of powder which tested positively for heroin. The amount of heroin was so minute that it could not be weighed, the tests consumed all of the heroin traces found, and, the capsules containing the traces were not introduced in evidence.

In ruling the state's evidence was not sufficient to support Polk's conviction, Judge Kelly of the St. Louis District wrote:

"To sustain a conviction for possession of a controlled substance in violation of § 195.020 RSMo. it is essential that the State prove that the defendant did knowingly and intentionally have in his possession the proscribed controlled substance. It is not sufficient that it prove only actual or constructive possession, but the test is whether the defendant was aware of the *presence and character* of the particular substance, *and was intentionally and consciously in possession of it. State v. Burns*, 457 S.W.2d 721, 724[1] (Mo.1970) said: 'Possession without knowledge of such possession is not possession in the

legal sense of that word . . . .. Knowledge of the existence of the object is essential to physical control thereof with the intent to exercise such control and such knowledge must necessarily precede the intent to exercise or the exercise of such control . . .' *Burns*, supra, was followed in *State v. Berry*, 488 S.W.2d 667, 669 (Mo.App.1972)."

\* \* \* \* \* \*

"The decisive issue in this case as we conceive it is whether the State is entitled to the 'inference' of knowledgeable and conscious possession of narcotics from the facts of exclusive possession of the premises where only 'traces' of heroin are found in some capsules contained in a box hidden in a bedroom closet in the apartment occupied by the defendant. We have read no case where a finding of 'traces' of a narcotic alone has been held sufficient to support a finding that the defendant had possession of the narcotic 'in the legal sense of the word.' In every case we have read there has been at least a measurable quantity of the narcotic found. This defendant was charged with the possession of heroin on May 24, 1973. The only evidence in this case was that someone at some time possessed some heroin as was evidenced by the results of the color test and microcrystalline test conducted by an expert in the field. To find the defendant guilty under the facts of this case of a charge of knowledgeable possession would require the piling of one inference upon another and this is not permitted." 529 S.W.2d at 492, 493.

Judge Kelly was careful to note that Missouri cases indicate that possession of any amount of a controlled substance, however small, is within the prohibition of the Uniform Narcotic Drug Act and limited the holding in *Polk* to the peculiar facts and circumstances of that case. In so doing, he noted that an amount of controlled substance "so miniscule as to constitute a mere 'trace' and which is immeasurable and consumed in the performance of the basic test necessary for identification of the substance is insufficient to support a finding that the

accused· was knowingly, intentionally and consciously in possession of the controlled substance in violation of the statute." 529 S.W.2d 494.

*Polk* involved a constructive possession, while here we have actual possession of the controlled substance by the defendant. In *Polk* only mere traces of an immeasurable amount of the substance was present. Here, the chemist testified there was more than a trace of marijuana and a measurable quantity of the substance. In *Polk* the mere trace of heroin was consumed by the test. Here, notwithstanding the testing,[1] a charred residue of material remains in the bowl of the pipe. Grassy and burned material which smelled like "burned marijuana" was present in the bowl of the pipe when it was removed from defendant's pocket. Defendant admitted that he was familiar with the smell of marijuana and instruments used to smoke marijuana.

■ The scope of our review in this court-tried case is not to weigh the evidence but determine whether or not the trial court's decision is supported by substantial evidence. And, we defer to the trial court's determination of the credibility of witnesses and resolution of conflicts in testimony. *State v. Rose*, 535 S.W.2d 115 (Mo.App.

1976). Further, we are required to accept all evidence and inferences supporting the conviction and cast aside contrary evidence and inferences. *State v. Rose*, supra.

■ Defendant had in his possession an uncommon appearing pipe which contained a measurable amount of marijuana. He was familiar with the smell of this controlled substance and the pipe contained grassy material and had the odor of burned marijuana. The trial judge, as the trier of the fact, was at liberty to reject defendant's explanation of his possession of the pipe and its contents and conclude defendant possessed the marijuana with the requisite knowledge and intent.

We hold there was substantial evidence to support defendant's conviction.

The judgment is affirmed.

All concur.

---

1. The transcript indicates a total of three separate tests of the contents of the pipe. Only the chemist that conducted the last test was called as a witness for the state.