**CITY OF EXCELSIOR SPRINGS, Respondent,**

**v.**

**George THURSTON, Appellant.**

**No. WD 32091.**

Missouri Court of Appeals, Western District.

June 9, 1981.

---

1. All statutory references are to RSMo 1978.

Robert G. Duncan, Duncan, Russell & Reardon, Kansas City, for appellant.

David D. Lodwick, City Atty., Excelsior Springs, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

George Thurston was convicted after a de novo bench trial of operating a motor vehicle while intoxicated in violation of a city ordinance of Excelsior Springs. The court assessed a fine of $190 and this appeal followed.

The only question presented is the sufficiency of the evidence to sustain the conviction. Affirmed.

The court could have found beyond a reasonable doubt that at 11:15 P.M. on March 1, 1980, Junior Jarvis was driving his automobile westbound on Jesse James Road in Excelsior Springs behind an automobile being driven by Thurston. Thurston was driving at 15–20 mph in a 35 mph zone. Jarvis honked and passed the Thurston automobile, then slowed down. Thereafter Thurston caused his automobile to come in contact with the rear of the Jarvis automobile. Thurston maintained his car in contact with the Jarvis car even though Jarvis had his foot on the brake. The continued pushing caused Jarvis to lose control and go into the eastbound lane at which point his motor died. The Thurston car proceeded west and Jarvis started his car and continued in the same direction. A short distance from the point of collision Jarvis observed the Thurston automobile coming from an exit and traveling east on Jesse James.

Jarvis turned around and started following Thurston.

Jarvis continued to follow Thurston for some distance through town when Jarvis saw a police car traveling in the opposite direction. At that point Jarvis started following the police car in an effort to get the policeman's attention. Jarvis succeeded in stopping the police car at 11:27 P.M. and told him of the incident and gave him a description of the car and the driver. While there was some discrepancy in the evidence at this point as to the time involved, the court could have found that Jarvis talked with the policeman for about five to ten minutes. The policeman drove to Glen's Liquor Store to turn around in the parking lot and start back west through town when he observed a car matching the description given by Jarvis parked in the lot. The policeman observed a woman in the vehicle on the passenger side who informed him that her husband was the driver and was inside the store. The officer entered the store and saw Thurston emerging from the back part of the store carrying beer and other items. The officer approached Thurston and talked with him and observed that Thurston was intoxicated at that time. The officer stated Glen's is a package liquor store which does not permit consumption of intoxicants either inside the store or on the parking lot. The court could have found the officer encountered Thurston within five to ten minutes after he left Jarvis, which would have made the time either 11:37 or 11:47 P.M.

The officer testified that Thurston told him he had been driving the car parked outside, which matched the description of the car given by Jarvis, but denied he had been in an accident. Thurston refused to take a field sobriety test and when taken to the police station refused to take the breathalyzer test.

At trial Jarvis positively identified Thurston as the driver of the other automobile.

The only question on this appeal is whether or not the evidence brings this case within the rule of *State v. Dodson*, 496 S.W.2d 272 (Mo.App.1973) in which it was

held that proof of intoxication of a person at a time remote from the operation of the motor vehicle was insufficient to prove the person was intoxicated while driving. The evidence in this case does not bring it within *Dodson.*

Here the evidence shows a most unusual driving pattern on the part of Thurston. After Jarvis had passed Thurston, Thurston caused his car to contact the Jarvis car and push it continuously until Jarvis lost control and his motor died with the car in the wrong lane. The evidence showed the damage to both cars as a result of this contact was extremely slight, but the fact remains that Thurston pushed the Jarvis car while Jarvis had his foot on the brake in an effort to stop until the car was in the wrong lane with the motor dead. From the pushing incident until Thurston was seen by the officer, Thurston was in the observation of Jarvis, except for a brief time following the pushing incident until Jarvis observed Thurston pulling back on the highway, and for the ten to twenty minutes which elapsed after Jarvis stopped following Thurston. During the first interval Jarvis testified that Thurston was driving the car during the pushing incident and was also driving when the car reentered the highway. A fair inference from the evidence was that this interval was very brief.

Jarvis observed Thurston as the two drove through town and until he saw the police car. After that Thurston went to the liquor store, parked, entered the store, made his purchases and was on the way to the counter to check out. The evidence shows that Glen's is a package store which does not permit consumption on the premises. There is no evidence that Thurston did in fact consume any intoxicant on the premises. Further, the officer testified there was no liquor found in the Thurston car.

On this appeal Thurston does not seriously contend that the evidence did not show that he was intoxicated when the officer first saw him inside Glen's. Considering the fact that Thurston was observed by Jarvis for all but a comparatively short time following the accident and until Thurston was arrested, the court was justified in finding that the intoxication exhibited by Thurston at the time of his arrest existed at the time he was driving on Jesse James Road and pushed the Jarvis automobile. The judgment is affirmed.

All concur.