STATE of Missouri, Respondent,

v.

Charles A. JOHNSTON, Appellant.

No. 13367.

Missouri Court of Appeals,
Southern District,
Division One.

April 20, 1984.

Donald E. Bonacker, Bonacker & Reynolds, P.C., Springfield, for appellant.

Thomas E. Mountjoy, Pros. Atty., Greene County, Brent D. Green, Asst. Pros. Atty., Greene County, Springfield, for respondent.

CROW, Judge.

Appellant, tried by the court without a jury, was found guilty of driving while intoxicated, first offense, § 577.010.1–.010.-2(1), RSMo 1978, and sentenced to 30 days' imprisonment in the county jail. Execution of the sentence was suspended and appellant was placed on probation, subject to certain conditions immaterial here.

The primary issue in this appeal is whether the evidence was sufficient to establish the corpus delicti of driving while intoxicated, thereby providing a basis for the admission in evidence of appellant's extrajudicial statement that he had driven the vehicle in question to the site where he was found in it by the investigating officer. Appellant also contends the evidence failed to prove beyond a reasonable doubt that he was intoxicated when he allegedly drove the vehicle there, in that the State's proof did not refute the possibility that he had become intoxicated only after arriving at that location.

Appellant did not testify. Evidence pertinent to the above issues was supplied by the testimony of Trooper Billy Chadwick of the Missouri State Highway Patrol. Chadwick related that about 11:45 p.m., June 15, 1982, he was dispatched to investigate a minor accident on a farm road in Greene County. Chadwick reached the scene at 11:58 p.m., and saw a Pontiac Firebird in a ditch, its front end near or against a chain link fence and its rear end near or on the road. He noticed 10 to 15 feet of damage on the fence, and assumed it had resulted from impact by the Firebird. There were 62 or 63 feet of "skid marks and tire marks" on the road, leading to the Firebird.

According to Chadwick, appellant (the only occupant of the Firebird) was seated behind the steering wheel, apparently trying to back the vehicle out of the ditch. Chadwick explained there was a pickup truck at the scene when he arrived, but he was uncertain whether the Firebird was connected to the pickup. He did recall the driver of the pickup saying either that he

could pull the Firebird out, or that he had been trying to pull it out.

Chadwick approached the Firebird and asked appellant for identification. Appellant handed Chadwick his driver's license, then exited the Firebird. Chadwick noticed that appellant's breath "smelled of intoxicants," his eyes were bloodshot and his face flushed. Chadwick described appellant's clothing as "disarranged," and his speech as "confused."

A wrecker eventually appeared and towed the Firebird away. Chadwick was not sure whether the Firebird was extricated from the ditch by the wrecker or the pickup.

When Chadwick was asked whether appellant made any statements about drinking or driving, appellant's attorney objected on the ground that the corpus delicti had not been established, in that there was no evidence appellant was "operating a motor vehicle on a public highway." The trial court overruled the objection. Chadwick thereupon testified that appellant said he lost control of the car due to the wet road, and that he had drunk approximately three beers.

Appellant contends the trial court erred in allowing Chadwick to repeat appellant's statements, in that an accused's admission that he committed a crime is inadmissible in evidence unless the corpus delicti is established by independent evidence. Appellant asserts there was no independent evidence that he was driving the Firebird when it left the road and came to rest in the ditch.

It is, of course, well established in Missouri that unless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extrajudicial admissions, statements or confessions of the accused are not admissible in evidence. *State v. Summers*, 362 S.W.2d 537, 542[13] (Mo.1962); *State v. Cooper*, 358 Mo. 269, 214 S.W.2d 19, 20[2] (1948). Cases examining the nature of corpus delicti explain that it consists of two elements: (1) proof, direct or circumstan-

tial, that the specific loss or injury charged occurred, and (2) someone's criminality as the cause of the loss or injury. *State v. Worley*, 375 S.W.2d 44, 46[1] (Mo.1964); *State v. Hawkins*, 165 S.W.2d 644, 646[6, 7] (Mo.1942); *State v. Summers*, 506 S.W.2d 67, 71[7] (Mo.App.1974); *State v. Celmars*, 399 S.W.2d 145, 147[1] (Mo.App.1966). Proof of the corpus delicti need not include proof of the defendant's connection with the crime charged, *State v. Wood*, 596 S.W.2d 394, 402[16] (Mo. banc 1980), *cert. denied* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980), that is, proof of the criminal agency of the defendant is not required as part of the corpus delicti before admitting his confession in evidence, *Worley*, 375 S.W.2d at 46[2].

These principles, though readily stated, are not easily applied in prosecutions for offenses arising out of the operation of motor vehicles.

In *Kansas City v. Verstraete*, 481 S.W.2d 615 (Mo.App.1972), the defendant was charged with violating a municipal ordinance prohibiting the operation of a motor vehicle by a person under the influence of alcohol. A police officer, dispatched to an accident scene, found the defendant (apparently intoxicated) walking some 50 to 75 feet from the location where his car was parked. He was in a crowd in the immediate vicinity where a bicycle had hit a pole. Declaring this evidence insufficient to establish the corpus delicti, *Verstraete* held the trial court erred in receiving into evidence the defendant's statements to the officer that he had been driving a car and did not think he struck anything.

Proof of the corpus delicti was deemed sufficient in *State v. Easley*, 515 S.W.2d 600 (Mo.App.1974), a prosecution for driving while intoxicated. There, a police officer found the defendant at the scene of a two-vehicle accident, standing two feet from one of the vehicles, a Buick. Neither the officer nor the driver of the other vehicle saw the defendant drive the Buick, but after the accident the Buick was driven to the curb and its keys were given to, and accepted by, the defendant. License plate

records showed the Buick belonged to the defendant. Admission into evidence of the defendant's statements to the officer indicating that he (the defendant) was the driver of the Buick was upheld, and the conviction was affirmed.

Another case where the corpus delicti was proved is *State v. Hunziker*, 638 S.W.2d 333 (Mo.App.1982), a prosecution for careless and impudent driving. There, a Vega was struck by two different vehicles. The Vega's driver did not see the drivers of those vehicle, but after the impacts the defendant approached her and apologized for hitting her, saying he had fallen asleep. When the investigating officer arrived, he saw an unoccupied station wagon with a Vega taillight inside its grill. Over the defendant's objection, the officer was permitted to testify that the defendant admitted being the operator of the station wagon. This ruling was upheld on appeal, and the conviction was affirmed.

We have examined other cases with analogous facts,[1] but none of them deal with the admissibility of a confession, therefore none hinge on whether the corpus delicti was established. Accordingly, we need not discuss them here.

■ Turning to the evidence in appellant's case, we note that the fence damage and tire marks on the pavement corresponded to the position of the Firebird when Chadwick first saw it. In addition, the Firebird itself was damaged, and was stuck in the ditch. We find this evidence sufficient to establish that someone was driving the Firebird on the road, and that the Firebird left the road and struck the fence, coming to rest in the ditch.

Furthermore, it is readily inferable that the mishap took place within 30 minutes of the time Chadwick came on the scene. He was asked on cross-examination what time he estimated the accident occurred. He replied, "Approximately 11:30." There was no evidence to the contrary.

Accordingly, we hold there is independent evidence to support a finding that someone was driving the Firebird on the road at approximately 11:30 p.m., June 15, 1982, and that the driver lost control, applied the brakes, and skidded off the pavement at the point shown by the tire marks.

Besides this, and although inessential to the admissibility of appellant's statements, we note there is independent evidence pointing to appellant as the driver. When Chadwick arrived, appellant was in the Firebird, alone, apparently trying to get it out of the ditch. There is no evidence that anyone else exercised dominion over the Firebird, or asserted any claim to it, prior to the time it was towed away. We are also mindful that, according to Chadwick, the pavement was wet. This corroborates appellant's statement that he lost control of the car due to the wet road.

On this evidence, we must reject appellant's contention that the record fails to establish the corpus delicti. The evidence in appellant's case is similar to *Easley* and *Hunziker* in the respect that in those cases, as here, the vehicles in question had been involved in accidents. The evidence in appellant's case is stronger than those cases, however, in that here, appellant was in the Firebird, evidently trying to get it out of the ditch when Chadwick arrived.

We hold that the corpus delicti was established at appellant's trial by independent evidence. Consequently, the trial court ruled correctly in receiving appellant's extrajudicial statements into evidence.

Regarding appellant's second point, we observe that Chadwick administered a "breathalyzer" test to appellant at 1:00 a.m., June 16. The instrument showed the amount of alcohol in appellant's blood to be fifteen-hundredths of one per cent by weight, based upon grams of alcohol per one hundred milliliters of blood. This was prima facie evidence that appellant was intoxicated at the time of the test. § 577.-030.1(3), RSMo 1978.

**1.** *State v. Darabcsek*, 412 S.W.2d 97 (Mo.1967); *State v. Kissinger*, 343 Mo. 781, 123 S.W.2d 81 (1938); *City of Lee's Summit v. Lawson*, 612 S.W.2d 65 (Mo.App.1981); *Kansas City v. Stamper*, 528 S.W.2d 767 (Mo.App.1975).

According to Chadwick, appellant was in his presence from the time he first observed appellant in the Firebird until appellant took the breathalyzer test. Chadwick added that appellant did not drink, smoke or vomit during the 20 minutes immediately preceding the test. However, Chadwick was not asked whether appellant drank anything between the time he (Chadwick) arrived at the accident scene and 12:40 a.m., and Chadwick volunteered nothing on that subject. Appellant says the absence of testimony regarding this interval renders the State's evidence insufficient to establish his guilt beyond a reasonable doubt, in that the evidence fails to exclude the possibility that he became intoxicated between the time of the accident and 12:40 a.m.

■ In determining the sufficiency of the evidence to support the trial court's finding of guilty, we accept as true all evidence tending to prove appellant's guilt, together with inferences favorable to the State that can reasonably be drawn therefrom, and we disregard all contrary evidence and inferences. *State v. Giffin*, 640 S.W.2d 128, 130[2] (Mo.1982). If there is substantial evidence to support the trial court's findings, its judgment is to be affirmed. *Id.* at 130[1].

■ Applying these principles, we hold the trial court could have reasonably found that appellant consumed no intoxicants from the time Chadwick first saw appellant in the Firebird until the breathalyzer test was administered. As observed earlier, Chadwick testified he noticed that appellant's breath smelled of intoxicants when appellant got out of the Firebird. Chadwick thereupon placed appellant in Chadwick's patrol car. There is no evidence that appellant was carrying any intoxicating beverage, or that there were any intoxicants in Chadwick's vehicle. There is likewise no evidence that appellant drank anything in Chadwick's presence. Chadwick arrested appellant within 5 to 10 minutes after arriving at the accident scene. The trial court could reasonably infer that Chadwick, having decided to make the arrest, would take sufficient precautions to prevent appellant from consuming intoxicants thereafter.

■ We therefore deem the evidence sufficient to support a finding that appellant consumed no intoxicants between 11:58 p.m., June 15, and the time he took the breathalyzer test. This does not, however, eliminate the possibility that appellant became intoxicated during the period between the presumed time of the accident (11:30 p.m.) and Chadwick's arrival (11:58 p.m.). Consequently, we must determine whether the absence of evidence to rebut that possibility is fatal to the State's case.

In *State v. Dodson*, 496 S.W.2d 272 (Mo. App.1973), relied on by appellant, the defendant drove his automobile off a highway and into a ditch. A passerby drove the defendant home. About 45 minutes after the accident, a patrolman went to the defendant's home, confronted the defendant and concluded he was intoxicated. On trial for driving while intoxicated, the defendant admitted drinking two bottles of beer some two hours before the accident, then explained he had taken three big drinks of whiskey upon arriving home. The passerby testified he detected nothing at the accident scene indicating the defendant had consumed alcohol. Declaring the evidence insufficient to prove the defendant was intoxicated when he drove his automobile, the Court of Appeals reversed the conviction.

*Dodson*, was held inapplicable, however, in *State v. Milligan*, 516 S.W.2d 795 (Mo. App.1974). There, the defendant was driving a tractor-trailer unit when it overturned. A patrolman, who reached the scene about 20 minutes later, detected the smell of alcohol on the defendant's breath and observed other indicia of intoxication. A subsequent breathalyzer test produced additional evidence of intoxication. At trial, the defendant claimed he obtained whiskey from his brother after the accident and drank it, but the trial court found that testimony unworthy of belief. The Court of Appeals noted there was evidence indicating the brother did not arrive before the

patrolman, and there was no evidence that the defendant had access to intoxicants from any other source. Pointing out that the defendant appeared intoxicated at the scene, and that the interval after the accident during which he could have consumed alcohol was only 20 minutes, the Court affirmed a conviction of driving while intoxicated. In holding *Dodson* inapplicable, *Milligan* emphasized that in *Dodson,* not only was there an absence of evidence that the defendant was intoxicated at the scene, but there was affirmative evidence he was not. *Milligan,* 516 S.W.2d at 798.

*Dodson* was also distinguished in *State v. Bruns,* 522 S.W.2d 54 (Mo.App.1975). There, a deputy sheriff saw the defendant operating an automobile and ordered him to stop. Ignoring the command, the defendant drove away. About 25 minutes later, another deputy went to the defendant's home and found the defendant seated behind the steering wheel in the same vehicle, attempting to start it. Steam was boiling from the motor, and the vehicle had left a "trail of water" along the five or six miles between the defendant's home and the site where the first deputy had seen the defendant. The defendant was intoxicated when the second deputy found him, but there was no proof he was intoxicated when the first deputy saw him. The defendant was convicted of driving while intoxicated, the place of the offense being the location where the first deputy had seen him. The conviction was affirmed.

Pertinent to appellant's case, we observe that in *Milligan* and *Bruns,* there was no proof that the defendants did not consume intoxicants between the time they ceased driving their vehicles and the time they were discovered in an intoxicated condition by the investigating officers; nonetheless, convictions of driving while intoxicated were upheld.

Viewed most favorably to the State, the elapsed time between appellant's operation of the Firebird and his confrontation by Chadwick was 28 minutes. In *Milligan,* the interval was 20 minutes; in *Bruns,* 25.[2] Appellant, like the defendant in *Milligan,* was in an intoxicated condition at the accident scene. In this respect, the evidence in appellant's case is stronger than *Bruns,* where the defendant was found intoxicated several miles from the site where he was seen driving. Moreover, appellant did not explain his intoxication by testifying he drank intoxicants after the accident, as did the defendant in *Milligan.* Appellant simply argues here that the State should have produced evidence precluding that possibility. We note, however, that in appellant's case, there was no evidence he had access to intoxicants at the scene before Chadwick arrived. There was testimony to support that possibility in *Milligan,* though the trial court disbelieved it.

■ In sum, we find the evidence that appellant was intoxicated at the time he drove the Firebird as strong, if not stronger, than *Milligan* and *Bruns.* Bearing in mind that we are not to weigh the evidence, *State v. Padgett,* 557 S.W.2d 731, 733[1] (Mo.App.1977), but only to determine whether the trial court's findings are supported by substantial evidence, *State v. Ruff,* 618 S.W.2d 722, 723[1] (Mo.App. 1981), we hold the evidence in appellant's case sufficient to support the trial court's finding of guilty. Accordingly, appellant's second point is denied.

Judgment affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.

2. The indication in appellant's case that he had driven the Firebird from the road and into the ditch approximately 28 minutes before Chadwick arrived distinguishes appellant's case (along with *Milligan* and *Bruns*) from *State v. Kennedy,* 530 S.W.2d 479 (Mo.App.1975). In *Kennedy,* the investigating officer found the defendant outside his vehicle on a public highway, and there was no evidence indicating when the defendant had driven the vehicle to that location.