## STATE OF FLORIDA v. DE PASQUE

Case No. 85-4018-TT-A-41

County Court, Monroe County

October 1, 1985

### APPEARANCES OF COUNSEL

**Mark L. Willis,** Assistant State Attorney, for plaintiff.

**David J. Audlin, Jr.,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

This cause came before the Court on the 27th day of September,

1985, upon Defendant's Motion for Judgment of Acquittal. The Court, having reviewed and considered the post-trial briefs of counsel for the State and counsel for the defendant, and being otherwise fully advised in the premises, finds and orders as follows:

1. On September 10, 1985, Patrick DePasque was found guilty of driving under the influence in violation of Florida Statutes 316.1931 by a jury. At the close of the State's evidentiary case, the Defendant moved for a judgment of acquittal on the grounds that the evidence was insufficient to warrant a conviction. It was Defendant's position that the State's own evidence was inconclusive as to Defendant's sobriety at the time he was driving, because none of the State's evidence was obtained at the time Defendant was driving, or shortly thereafter.

2. The first evidence the State presented concerning Defendant and his condition was the testimony of Trooper Norman Krause of the Florida Highway Patrol. The Trooper, by his own admission, did not arrive at the scene until 7:57 p.m. The Trooper estimated that the accident had occurred at approximately 7:20 p.m.

3. At 9:30 p.m., a breathalyzer test was taken, and a D.U.I. video was taken of the Defendant. Evidence as to the breathalyzer result was admitted over defense objection, which objection was memorialized in motion in limine, denied by the Court prior to trial.

4. The Court did not rule on Defendant's Motion for Judgment of Acquittal, but held the matter under advisement. Defendant renewed his Motion for Judgment of Acquittal at the close of the State's case. The motion was based on the same grounds stated earlier, that the evidence was insufficient to warrant a conviction. Once again, the Court reserved ruling on the Motion for Judgment of Acquittal. Defendant orally renewed his motion for judgment of acquittal after reception of the verdict, and the Court once again reserved ruling on the motion. Defendant then formally renewed that motion, pursuant to Rule 3.380(c), on September 18, 1985.

5. This cause presents an unusual situation, where the bulk of the State's case against the defendant is obtained a significant length of time after the defendant has stopped driving. In most cases, the police officer will have observed the defendant personally and have seen erratic driving, or other evidence which provides probable cause to investigate further regarding the possibility of driving under the influence. In this case, however, the police came upon the scene a significant period of time after driving had ceased. The evidence as to when Mr. DePasque had stopped driving was in conflict. The State's only

witness as to this matter, Trooper Krause, testified that he believed that Mr. DePasque had stopped driving approximately 7:20 p.m. The passenger riding with Mr. DePasque testified that they had stopped driving between 6 and 7 p.m. Mr. DePasque testified that they had stopped driving approximately 5 p.m. Thus, although the evidence is not consistent as to when Mr. DePasque stopped driving, it was apparently somewhere between 5 p.m. and 7:20 p.m. Trooper Krause testified that he arrived at the scene approximately three minutes period, and perhaps as much as a 180 minute period between the time when Mr. DePasque stopped driving, and when Trooper Krause arrived.

6. It is clear from review of the D.U.I. video that the video itself and the breath test were taken at approximately 9:30 p.m. This means that there was at least two hours and ten minutes and perhaps as much as four and one-half hours between the time Mr. DePasque stopped driving, and the D.U.I. video and breathalyzer results were obtained. Under these circumstances, it was Defendant's position that the evidence was insufficient to warrant a conviction, and that the breath results, the D.U.I. video, and the Trooper's observations should not have been tendered to the jury, insofar as they were unreliable, having been obtained a significant period of time after driving had ceased, during which time Defendant was unsupervised and during which time Defendant consumed a significant amount of alcohol.

7. Florida law does not give us an answer to the legal questions posed here. However, in *United States v. DuBois*, 645 F.2d 642 (8th Cir. 1981), the United States Court of Appeals held that where there is a gap between the operation of the vehicle and the test, during which the defendant is not in custody or otherwise supervised, evidence that he was drunk when arrested is insufficient to show he was drunk when he was driving, particularly when there was little or no evidence of intoxication at the earlier time. In *DuBois*, the defendant was convicted in the United States District Court for the District of North Dakota, of driving while intoxicated. The United States Court of Appeals reversed and vacated the trial court, holding that the evidence was insufficient to prove intoxication when a motor vehicle defendant was driving struck and killed a pedestrian, where the only proof of defendant's intoxication was an expert's extrapolation based on a breathalyzer test taken two and one-half hours after the accident, and after the undisputed consumption of an unknown amount of beer. Despite the undisputed fact that defendant drank one beer before the accident, the Court of Appeals ruled that "even when viewed in the light most favorable to the Government, the only possible proof of (defendant's)

130

intoxication was the expert's extrapolation based on the test taken two and one-half hours after the accident and after the undisputed consumption of an unknown amount of beer." 645 F.2d at p. 644.

8. In the instant case, the State relied on five pieces of evidence regarding Mr. DePasque's sobriety: (a) the breathalyzer result of .18; (b) the D.U.I. video; (c) Trooper Krause's observations of Mr. DePasque at 7:57 p.m.; (d) Mr. DePasque's "jailhouse admission", that he had consumed some beer and/or tequila earlier in the day; and (e) the fact that an accident had occurred.

9. The evidence showed that Mr. DePasque was not placed in custody immediately when he stopped driving. Based upon the facts, construed most favorably to the State, (that is the testimony of Trooper Krause), there was at least a 40 to 45 minute period between the time that Mr. DePasque stopped driving, and when the first police officer arrived. The evidence was uncontroverted that after Mr. DePasque stopped driving, and before the police arrived, Mr. DePasque consumed a large amount of alcohol. Therefore, the breathalyzer result, the D.U.I. video, and Trooper Krause's observations were unreliable measures of defendant's relative sobriety at the time he was driving, and should not have been permitted to go to the jury.

10. The State's expert witness, Deputy Sheriff Faye Francy, testified that retrograde extrapolation from the 9:30 p.m. breath result of .18, to a guess as to what the defendant's blood alcohol was at the time of the accident, would be little more than speculation under the circumstances. As noted by the *DuBois* court, "a jury is not justified in convicting a defendant on the basis of mere suspicion, speculation, or conjecture," Id. at p. 645, and cases cited therein. *See also, State v. Dodson*, 496 S.W.2d 272 (Mo. app. 1973); and *Blevins v. State*, 38 Ala. App. 584, 90 So.2d 98 (1956).

11. With respect to item (d), no particular quantity of beer or tequila was evidenced, only that some amount was consumed earlier in the day. Mr. DePasque testified that he had only had two beers before the accident, but that he consumed a large number of beers after the accident. He was not sure how many he had after the accident, but the fact that he drank a large number of beers after the accident, (if not how many), was corroborated by Mr. Loveless, the passenger in the vehicle, who was called as a State witness.

12. Finally, the fact of the accident and the admission by Mr. DePasque that he had consumed some unspecified amount of alcohol prior to driving were both circumstantial in nature, and they did not form an adequate factual basis for a verdict of guilt. It is axiomatic

that if the only proof of guilt of an accused is circumstantial, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence, and the version of events related by the defense must be believed if the circumstances do not show that version to be false. *McArthur v. State*, 351 So.2d 972 (Fla. 1977).

Therefore, the legally cognizable evidence relied upon by the State, was an insufficient basis for conviction. The Court therefore

ORDERS that the verdict of guilty rendered by the jury in this matter is vacated, that the Judgment of Acquittal is hereby granted, and that defendant Patrick DePasque is acquitted of the charge herein.

It is further

ORDERED that the following question is certified to be of great public importance pursuant to Florida Rules of Appellate Procedure 9.160 and 9.165, and Florida Statutes, Section 34.017:

"Where there is a gap in time between the operation of a motor vehicle and the obtaining of evidence of intoxication, during which time the defendant is not in custody or otherwise supervised, and if the evidence shows that defendant had access to alcohol and defendant testifies that he drank alcohol during that time, may the state properly introduce such evidence of intoxication for consideration by the jury?"