STATE of Missouri, Respondent,

v.

Marvin WOLF, Defendant-Appellant.

No. 51647.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 14, 1987.

William Robert Dorsey, Clayton, for defendant-appellant.

Edward F. McSweeney, Asst. Pros. Atty., Clayton, for respondent.

DOWD, Judge.

Defendant appeals from the judgment of the trial court which found him guilty of driving while intoxicated in violation of § 577.010, RSMo 1986. Defendant was sentenced to two years probation and fined $500.00, of which $250.00 was suspended. We affirm.

The court could have found beyond a reasonable doubt that at about 8:10 p.m. on February 5, 1986, two young women, Judy Turner and Laurie Woodruff, were leaving a local church after volleyball practice when they heard a loud crash from a neighboring street. They then ran to that street and found appellant behind the steering wheel of his car which had struck a parked car, causing damage to the right front of the appellant's car and the left rear of the parked car. Ms. Turner recognized appellant as a member of her church and, Ms. Woodruff testified appellant "was kind of dazed over the steering wheel, like he had hit the steering wheel with his head or body or something." Appellant, however, stated later at his home that he had not been injured in the accident. Ms. Woodruff also testified she "smelled some fumes of alcohol." Both women went to a nearby house to report the accident and appellant then left the scene of the accident and walked to his home which was one-half block away.

St. Louis County Police Officer Randy Raines responded to the accident report which was received at 8:15 p.m. After some investigation, Officer Raines proceeded to appellant's home at about 9:00 p.m. where he was admitted by appellant's wife. Officer Raines interviewed appellant who was unable to give an explanation for the accident. Officer Raines testified that appellant was "overcompensating for possibly being under the influence or intoxicated. He—when he stood up, it was slow and uneasy—or unbalanced; and then it was the very—or an extreme stiffness in his stance, almost as at attention, attempting to not sway or show any movement." Also, appellant's eyes were described as bloodshot and glassy, his speech was deliberate and "mush-mouthed," and the odor from his mouth as well as his body was that of an "intoxicating beverage." Officer Raines testified appellant's "body odor was ... indicative of someone who had been drinking heavily and for some time, and the odor was coming from the body, after having gone through the system, and was evaporating, and it was very strong." Appellant stated that he had not been drinking before the accident but admitted drinking one beer after the accident. Officer Raines testified that, based upon his observations and experience, it was his opinion that appellant was intoxicated at the time of the accident. After the interview, appellant was arrested for driving while intoxicated for which he was convicted and now appeals.

The sole issue on appeal is whether the state presented sufficient evidence to establish that appellant was intoxicated at the time he was driving. "In considering the sufficiency of the evidence, the reviewing court regards as true all evidence in the record which tends to support the conviction, together with all favorable inferences that can be reasonably drawn therefrom, and disregards all unfavorable evidence and inferences." *State v. Liebhart,* 707 S.W.2d 427, 428 (Mo.App.1986).

Appellant principally relies on *State v. Dodson,* 496 S.W.2d 272 (Mo.App.1973), in which it was held that proof of intoxication at the time of arrest, when remote from the operation of the vehicle, is insufficient in itself to prove intoxication at the time the person was driving.

The circumstances presented here do not fall within the purview of *Dodson* because there is independent evidence that appellant was intoxicated at the time he was driving. Officer Raines testified it was his opinion that appellant was intoxicated at the time of the accident and that he detected an odor of "evaporating intoxicating beverages" when he interviewed appellant in his home. Appellant stated that he had not been drinking prior to the accident and had only one beer after the accident, and yet Officer Raines testified appellant's speech was "mush-mouthed", his eyes were bloodshot and glassy, and his posture was

stiff. Laurie Woodruff testified appellant was "dazed" and that she noticed "some fumes of alcohol," when standing two to three feet from the appellant immediately after the accident. Appellant collided with the only parked car on a subdivision street and offered no explanation for the accident.

There is considerable evidence appellant was intoxicated at the time of arrest and viewing the evidence in the light most favorable to the state, sufficient evidence to find appellant was intoxicated at the time he was driving. We therefore find the conviction was not based solely on evidence of appellant's intoxication at the time of arrest but, rather, is supported by sufficient, substantial evidence of appellant's intoxication at the time he operated the vehicle and thus, *Dodson* is not applicable.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.