STATE of Missouri, Respondent,

v.

Martin T. WAELTERMAN, Appellant.

No. 52147.

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 1987.

Jeffrey Ray Swaney, St. Louis, for appellant.

George Michael Archer, Asst. Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Defendant was convicted of driving a motor vehicle while intoxicated. § 577.010, RSMo 1986. He was fined $200 and costs. Defendant contests the sufficiency of the evidence to establish he was intoxicated when driving. We view the evidence in a light favorable to the State and affirm.

The State's evidence consists of testimony of the investigative police officer and the operator who administered the Alco-Analyzer test to defendant. Defendant did not testify nor did he present any other evidence.

At 2:45 a.m. on May 2, 1986, a St. Louis County police officer received a report of an accident in the 1500 block of Craig Road. He arrived at the accident scene at 2:55 a.m. and found defendant leaning against his overturned Toyota automobile. At the accident scene, defendant said the scratches on his arms were from broken glass, and occurred when he crawled out of his overturned vehicle. The police officer detected a "fairly moderate odor" of alcohol on defendant's breath and administered the alphabet field sobriety test which defendant failed. Defendant refused to take any other field sobriety tests. He admitted he had been drinking and driving, but did not believe he was intoxicated. The police officer, however, in response to a cross-examination question, said in his opinion the defendant was intoxicated and did not have good judgment at the accident scene. The Alco-Analyzer test administered to defendant at 3:48 a.m., one hour after the police officer arrived at the accident scene, showed a blood alcohol content of .11 percent.

The officer testified he had driven by the accident scene not more than 45 minutes before responding to the accident, and the accident could not have occurred before that drive by.

Defendant argues the evidence is insufficient to establish he was intoxicated prior to the accident because there was no evidence he did not consume alcohol after the accident. Defendant refused to respond to the police questions as to whether he had anything to drink after the accident. However, the police officer testified defendant told him the accident had occurred just a few minutes earlier.

In view of the hour, the absence of a nearby establishment open to sell liquor, and defendant's statement to the officer that the accident had just occurred it is unlikely defendant had any alcohol to drink between the time of the accident and the officer's arrival at the scene. Unlike in *State v. Liebhart*, 707 S.W.2d 427 (Mo.App. 1986), relied on by defendant, here there is sufficient evidence as to the time interval between the accident and the officer's arrival on the scene, and as to defendant's lack of access to alcohol. There is little question but that defendant was driving while intoxicated within the meaning of § 577.010, RSMo 1986. *State v. Wolf,* 727 S.W.2d 477 (Mo.App.1987); *State v. Cook,* 711 S.W.2d 208, 210[3] (Mo.App.1986); *State v. Johnston,* 670 S.W.2d 552, 557[6] (Mo.App.1984).

Judgment affirmed.

SATZ, C.J., and KELLY, J., concur.